2013–1625, –1631, –1632, –1633

# United States Court of Appeals for the Federal Circuit

ERICSSON, INC. and TELEFONAKTIEBOLAGET LM ERICSSON,

*Plaintiffs-Appellees,*

v.

D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC.,
ACER AMERICA CORPORATION, and GATEWAY, INC.,

*Defendants-Appellants,*

and

DELL, INC.,

*Defendant-Appellant,*

and

TOSHIBA AMERICA INFORMATION SYSTEMS, INC. and TOSHIBA CORPORATION,

*Defendant-Appellants,*

and

INTEL CORPORATION,

*Intervenor-Appellant,*

and

BELKIN INTERNATIONAL INC.,

*Defendant.*

Appeal from the United States District Court for the Eastern District of Texas
in case no. 10–CV–0473, Chief Judge Leonard Davis

**REPLY OF AMICI WI-FI CHIP COMPANIES BROADCOM CORPORATION,
MARVELL SEMICONDUCTOR, INC., AND MEDIATEK INC. IN SUPPORT
OF THEIR MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

Dan L. Bagatell
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Phone: (602) 351–8250
E-mail: DBagatell@perkinscoie.com

Amanda Tessar
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202
Phone: (303) 291–2357
E-mail: ATessar@perkinscoie.com

Counsel for Broadcom Corporation

January 14, 2014

[counsel for other amici listed on next page]

Donald M. Falk
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Phone:  (650) 331–2030
E-mail:  dfalk@mayerbrown.com

Counsel for Marvell Semiconductor, Inc.

Steven C. Holtzman
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Phone:  (510) 874–1001
E-mail:  sholtzman@bsfllp.com

Counsel for MediaTek Inc.

Ericsson's opposition to the Wi-Fi Chip Companies' motion for leave relies on an outdated view of amicus briefs and a mistaken view of the facts.

The Wi-Fi Chip Companies offer this Court a unique, useful, and practical perspective. As explained in their brief, amici sell the components that contain the features accused of infringement. Although Ericsson chose not to sue amici because it thought it could extract higher royalties by suing OEM customers, this Court's decisions make clear that the reasonableness of any royalty awarded must be evaluated at the Wi-Fi chip level (or below). Amici are ideally suited to explain why a per-unit royalty rate that may seem modest at first blush is in fact huge and could significantly disrupt the Wi-Fi industry and everyone who buys Wi-Fi products. As shown in the brief, the 15¢ per unit royalty here equates to hundreds of millions of dollars per year for Ericsson alone and implies a tax of hundreds of *billions* of dollars per year once the entire royalty stack is taken into account. Ericsson would like to bury those facts by suppressing amici's brief, but it is important that this Court appreciate the real-world significance of its decision.

The arguments Ericsson advances to silence the Wi-Fi Chip Companies have no merit. Long gone is the day when amicus briefs were confined to academics with only an abstract interest in the law. "The notion of the amicus as 'impartial' became 'outdated long ago.'" 16AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3975 at 313 (2008). Ericsson cites single-judge opinions by

– 1 –

Judge Posner, but "[t]here is little evidence that such views are widely shared." *Id.* at 1395. The prevailing view is reflected in then-Judge Alito's opinion in *Neo-natology Associates, P.A. v. Commissioner*, 293 F.3d 128 (3d Cir. 2002), which recognized that amici often provide helpful perspectives even when they are partial and even when they have a pecuniary interest in the result. *Id.* at 131-33 (granting leave; stressing that a broad reading of the "desirability" criterion in Rule 29 is prudent and that it is preferable to err on the side of granting leave because a merits panel can disregard what it considers unhelpful). This Court's regular practice of inviting amicus briefs in en banc cases regardless of the amici's interest and without need for leave of Court confirms that it shares that prevailing view.

In any event, Ericsson's charge that amici have a "direct, financial interest in the outcome of the appeal" is baseless. Amici did not participate as parties in this case, have not paid the appellants' attorneys' fees or controlled the defense, and are not "adversary parties in interest." Indeed, the products claimed to infringe when the case reached trial did not even include chips from all of the amici. Amici have acknowledged that large awards against the OEMs may provoke indemnification disputes, but amici's interest focuses primarily on the implications that affirmance would have beyond this particular case.

Nor are amici making an end-run around the word limitations on parties' briefs, as Ericsson suggests. Amici's short brief does not plow the same ground as

the appellants' brief or, indeed, any of the other amicus briefs.  It provides first-hand insights about the economics of the Wi-Fi chip industry, and it describes the practical implications of the royalty awarded in a way that no one else has.

Finally, Ericsson's complaint that amici's arguments contradict the record is also off-base.  Ericsson cites testimony from one trial witness that "much" of the 802.11 standard is unpatented, but the standard spans hundreds of pages.  As other witnesses have testified and another district court has found, at least 3,000 patents may be essential to the standard.  Appellants' expert did not testify otherwise:  he merely said he did not know the precise number and conservatively assumed a lower number.  In any event, regardless of what record the appellants made for purposes of this litigation, the Court will benefit from the broader context and data that amici have supplied.  Since long before the inception of this Court, amici have provided and courts have considered supplemental information that helps frame and highlight issues to be decided.

In sum, the Court should grant amici's motion for leave because their brief provides useful information and is not, as Ericsson claims, "abusive."  At a minimum, the motions panel should defer the motion to the merits panel so that the merits panel can decide whether it finds amici's brief helpful.

Respectfully submitted,

| PERKINS COIE LLP | MAYER BROWN LLP | BOIES SCHILLER & FLEXNER LLP |
|---|---|---|
| by  /s/Dan L. Bagatell | by  /s/Donald M. Falk | by  /s/Steven C. Holtzman |
| Dan L. Bagatell | Donald M. Falk | Steven C. Holtzman |
| Counsel for Amicus Broadcom Corporation | Counsel for Amicus Marvell Semiconductor, Inc. | Counsel for Amicus MediaTek Inc. |

## CERTIFICATES OF INTEREST

Counsel for amicus curiae Broadcom Corporation certifies the following:

The full name of every party or amicus curiae represented by me is:

Broadcom Corporation

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Broadcom Corporation

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

n/a

The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by me in the trial court or are expected to appear in this Court are listed below.

PERKINS COIE LLP

Dan L. Bagatell                          Amanda Tessar

Dated:  January 14, 2014                 /s/Dan L. Bagatell
                                         Dan L. Bagatell

Counsel for amicus curiae Marvell Semiconductor, Inc. certifies the following:

The full name of every party or amicus curiae represented by me is:

Marvell Semiconductor, Inc.

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Marvell Semiconductor, Inc.

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Marvell Semiconductor, Inc. is a subsidiary of Marvell Technology, Inc. and Marvell Israel Ltd., and is an indirect subsidiary of Marvell Technology Group, Ltd.

The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by me in the trial court or are expected to appear in this Court are listed below.

MAYER BROWN LLP

Donald M. Falk

Dated:  January 14, 2014          /s/Donald M. Falk
                                 Donald M. Falk

Counsel for amicus curiae MediaTek Inc. certifies the following:

The full name of every party or amicus curiae represented by me is:

MediaTek Inc.

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

MediaTek Inc.

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

n/a

The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by me in the trial court or are expected to appear in this Court are listed below.

BOIES, SCHILLER & FLEXNER LLP

Steven C. Holtzman

Dated:  January 14, 2014          /s/Steven C. Holtzman
                                  Steven C. Holtzman

– 7 –

## CERTIFICATE OF AUTHORIZATION AND PROOF OF SERVICE

In accordance with ECF-3(B), I certify that I am counsel of record for Broadcom Corporation and I obtained the authorization of counsel for Marvell Semiconductor, Inc. and MediaTek Inc. to include their electronic signatures on this document.

In accordance with Federal Rule of Appellate Procedure 25 and Federal Circuit Rule 25, I further certify that I caused this document to be served via the Federal Circuit's CM/ECF system on counsel of record for all parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  January 14, 2014, at Phoenix, Arizona.

_____/s/Dan L. Bagatell_____
Dan L. Bagatell