**2013-1625, -1631, -1632, -1633**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

ERICSSON, INC. and
TELEFONAKTIEBOLAGET LM ERICSSON,

*Plaintiffs-Appellees*,

*v.*

D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC.,
ACER AMERICA CORPORATION, and GATEWAY, INC.,

*Defendants-Appellants*,

and

DELL, INC.,

*Defendant-Appellant*,

and

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.
and TOSHIBA CORPORATION,

*Defendants-Appellants*,

and

INTEL CORPORATION,

*Intervenor-Appellant*,

and

BELKIN INTERNATIONAL, INC.,

*Defendant*.

Appeals from the United States District Court for the Eastern District of Texas
in case no. 10-CV-0473, Chief Judge Leonard Davis.

**NON-CONFIDENTIAL JOINT APPENDIX**
**VOLUME II OF III**
**A5001-A10439**

March 31, 2014                    *(Counsel Listed on Inside Cover)*

ROBERT A. VAN NEST
STEVEN A. HIRSCH
EUGENE M. PAIGE
MATAN SHACHAM
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

CHRISTINE M. MORGAN
DOYLE B. JOHNSON
JONAH D. MITCHELL
SCOTT D. BAKER
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
(415) 543-8700

JAMES C. MARTIN
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3546

*Attorneys for Defendants-
Appellants Acer, Inc., Acer
America Corporation,
Gateway, Inc., NETGEAR,
Inc., and D-Link Systems, Inc.*

JOHN J. FELDHAUS
PAVAN K. AGARWAL
FOLEY & LARDNER LLP
3000 K Street, N.W. Suite 600
Washington, DC 20007
(202) 672-5300

*Attorneys for Defendants-
Appellants Toshiba
Corporation and Toshiba
America Information Systems,
Inc.*

WILLIAM F. LEE
JOSEPH J. MUELLER
MARK C. FLEMING
LAUREN B. FLETCHER
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

JAMES L. QUARLES III
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000

GREG AROVAS
KIRKLAND & ELLIS LLP
601 Lexington Avenue
Citigroup Center
New York, NY 10022
(212) 446-4800

ADAM R. ALPER
KIRKLAND & ELLIS LLP
555 California Street, 27th
Floor
San Francisco, CA 94104
(415) 439-1876

JOHN C. O'QUINN
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
(202) 879-5191

*Attorneys for Intervenor-
Appellant
Intel Corporation*

MICHAEL J. NEWTON
SHAUN W. HASSETT
DWAYNE C. NORTON
ALSTON & BIRD LLP
2828 North Harwood Street
Suite 1800
Dallas, TX 75201

FRANK G. SMITH, III
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309

*Attorneys for Defendant-
Appellant Dell Inc.*

DOUGLAS A. CAWLEY
THEODORE STEVENSON, III
WARREN LIPSCHITZ
MCKOOL SMITH, P.C.
300 Crescent Court, Suite
1500
Dallas, TX 75201
(214) 978-4000

JOHN B. CAMPBELL
KATHY H. LI
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
(512) 692-8700

JOHN M. WHEALAN
4613 Merivale Road
Chevy Chase, MD 20815
(202) 994-2195

*Attorneys for Plaintiffs-
Appellees,
Ericsson Inc. and
Telefonaktiebolaget LM
Ericsson*

# TABLE OF CONTENTS

## VOLUME I

**Page**

**ORDERS AND JUDGMENTS**

Memorandum Opinion and Order Construing Claim Terms of United States Patent Nos. 6,772,215, 6,330,435, 5,987,019, 6,466,568, and 5,790,516, Dkt. No. 341 (Mar. 8, 2013) — A1-A23

Order Overruling Objections to Opinion of United States Magistrate Judge on Claim Construction, Dkt. No. 374 (April 16, 2013) — A24-A30

Memorandum Opinion and Order denying Dkt. 364, Defendants' *Daubert* Motion to Exclude the Opinions of Mr. John R. Bone Regarding Issues Related to Damages, Dkt. No. 443 (May 21, 2013) — A31-A37

Order regarding Dkt. 361, Motion to Strike David Cabello; Dkt. 402, Motion to Compel; Dkt. 425, Motion in Limine; Dkt. 426, Motion in Limine; Dkt. 427, Motion in Limine; Dkt. 431, Motion for Partial Summary Judgment, Dkt. No. 454 (May 24, 2013) — A38-A41

Memorandum Opinion and Order regarding Dkt. 431, Ericsson's Motion for Partial Summary Judgment and/or to Exclude Defendant Dell's License Defenses, Dkt. No. 524 (June 20, 2013) — A42-A51

Memorandum Opinion and Order regarding Post Trial Filings, Dkt. No. 615 (Aug. 6, 2013) — A52-A103

Final Judgment Pursuant to Fed. R. Civ. P. 54(b), Dkt. No. 616 (Aug. 8, 2013) — A104-A106

**Page**

**DISTRICT COURT DOCKET SHEET**

Civil Docket Sheet for *Ericsson Inc. et al v. D−Link Corporation et al.*, United States District Court for the Eastern District of Texas, Case No. 6:10-cv-00473-LED-KFG, printed December 6, 2013 — A107-A198

**JURY CHARGES AND VERDICT FORMS**

Final Jury Instructions, Dkt. No. 504 (June 12, 2013) — A199-A229

Jury Verdict Form on Infringement and Validity, Dkt. No. 508 (June 13, 2013) — A230-A234

Jury Verdict Form on Willfulness, Dkt. No. 510 (June 13, 2013) — A235-A236

**PATENTS-IN-SUIT**

U.S. Patent No. 6,424,625, marked as trial exhibit PX004 — A237-A256

U.S. Patent No. 6,466,568, marked as trial exhibit PX006 — A257-A272

U.S. Patent No. 6,772,215, marked as trial exhibit PX010 — A273-A283

**TRANSCRIPTS**

Transcript of Claim Construction Hearing (June 27, 2012) — A1001-A1213

Transcript of Trial, Day 1 - Morning Session (June 3, 2013) — A1214-A1239

Transcript of Trial, Day 1 - Afternoon Session (June 3, 2013) — A1240-A1280

|  | **Page** |
|---|---|
| **TRANSCRIPTS (cont'd)** | |
| Transcript of Trial, Day 2 - Morning Session (June 4, 2013) | A1281-A1315 |
| Transcript of Trial, Day 2 - Sealed Portion of Morning Session (June 4, 2013) **[FILED UNDER SEAL]** | A1316-A1322 |
| Transcript of Trial, Day 2 - Afternoon Session (June 4, 2013) | A1323-A1358 |
| Transcript of Trial, Day 2 - Sealed Portion of Afternoon Session (June 4, 2013) **[FILED UNDER SEAL]** | A1359-A1364 |
| Transcript of Trial, Day 3 - Morning Session (June 5, 2013) | A1365-A1396 |
| Transcript of Trial, Day 3 - Afternoon Session (June 5, 2013) | A1397-A1436 |
| Transcript of Trial, Day 4 - Morning Session (June 6, 2013) | A1437-A1459 |
| Transcript of Trial, Day 4 - Sealed Portion of Morning Session (June 6, 2013) **[FILED UNDER SEAL]** | A1460-A1475 |
| Transcript of Trial, Day 4 - Afternoon Session (June 6, 2013) | A1476-A1522 |
| Transcript of Trial, Day 5 - Morning Session (June 10, 2013) | A1523-A1553 |
| Transcript of Trial, Day 5 - Afternoon Session (June 10, 2013) | A1554-A1597 |
| Transcript of Trial, Day 6 - Morning Session (June 11, 2013) | A1598-A1629 |
| Transcript of Trial, Day 6 - Sealed Portion of Morning Session (June 11, 2013) **[FILED UNDER SEAL]** | A1630-A1638 |

**Page**

**TRANSCRIPTS (cont'd)**

| | |
|---|---|
| Transcript of Trial, Day 6 - Afternoon Session (June 11, 2013) | A1639-A1665 |
| Transcript of Trial, Day 7 - Morning Session (June 12, 2013) | A1666-A1700 |
| Transcript of Trial, Day 7 - Sealed Portion of Morning Session (June 12, 2013) **[FILED UNDER SEAL]** | A1701-A1702 |
| Transcript of Trial, Day 7 - Afternoon Session (June 12, 2013) | A1703-A1751 |
| Transcript of Trial, Day 7 - Sealed Portion of Afternoon Session (June 12, 2013) **[FILED UNDER SEAL]** | A1752-A1756 |
| Transcript of Post-Trial Motion Hearing (July 16, 2013) | A1789-A1880 |
| Transcript of Pre-Trial Hearing (May 23, 2013) | A1881-A1914 |
| Transcript of Pre-Trial Motions Hearing (May 9, 2013) | A1915-A1942 |

## VOLUME II

**COURT FILINGS**

| | |
|---|---|
| Original Complaint for Patent Infringement, Dkt. No. 1 (Sept. 14, 2010) | A5001-A5029 |
| First Amended Complaint for Patent Infringement, Dkt. No. 77 (June 8, 2011) | A5030-A5069 |
| Order Granting Dkt. 151, Intel Corporation's Motion to Intervene, Dkt. No. 205 (May 4, 2012) | A5070 |
| Defendants' Responsive Claim Construction Brief, Dkt. No. 225 (June 1, 2012) | A5071-A5112 |

Case: 13-1625  Case: 13-1625  Document: 179-2  Document: 177-2  Page: 7  Page: 1/20  Filed: 03/31/2014  Filed: 03/31/2014  (7 of 545)

CASE PARTICIPANTS ONLY

**Page**

## COURT FILINGS (cont'd)

| | |
|---|---|
| Exhibits to Defendants' Responsive Claim Construction Brief, Dkt. No. 226 (June 1, 2012) | A5113-A5322 |
| Defendant Dell Inc.'s Motion for Leave to File Its Second Amended Answer, Defenses & Counterclaims and Exhibits, Dkt. No. 301 (Dec. 20, 2012) **[FILED UNDER SEAL]** | A5360-A5608 |
| Ericsson's Response in Opposition to Dell's Motion for Leave to File Its Second Answer, Defenses, and Counterclaims and Exhibits, Dkt. No. 313 (Jan. 14, 2013) **[FILED UNDER SEAL]** | A5611-A5638 |
| Defendants' Daubert Motion to Exclude the Opinions of Mr. John R. Bone Regarding Issues Related to Damages and attachments, Dkt. No. 364 (Apr. 2, 2013) **[FILED UNDER SEAL]** | A5681-A5868 |
| Plaintiff's Response to Defendants' *Daubert* Motion to Strike the Expert Report of John R. Bone and Exhibits, Dkt. No. 378 (Apr. 4, 2013) **[FILED UNDER SEAL]** | A5869-A6236 |
| Plaintiff Ericsson's Motion for Partial Summary Judgment and/or to Exclude Defendant Dell's License Defenses and Exhibits, Dkt. No. 431 (May 14, 2013) **[FILED UNDER SEAL]** | A6275-A6317 |
| Defendant Dell Inc.'s Response to Plaintiffs' Motion for Partial Summary Judgment and/or to Exclude Defendant Dell's License Defenses and Exhibits, Dkt. No. 444 (May 21, 2013) **[FILED UNDER SEAL]** | A6318-A6402 |
| Defendants' Motion for Confirmation of Court's Claim Construction and attachments, Dkt. No. 448 (May 22, 2013) **[FILED UNDER SEAL]** | A6454-A6488 |

|  | **Page** |
|---|---|
| **COURT FILINGS (cont'd)** | |
| Defendant Dell Inc.'s Sur-Reply to Plaintiffs' Motion for Partial Summary Judgment and/or to Exclude Defendant Dell's License Defenses and Exhibits, Dkt. No. 453 (May 23, 2013) **[FILED UNDER SEAL]** | A6489-A6515 |
| Plaintiff's Response to Defendants' Motion for Confirmation of Court's Claim Construction and attachments, Dkt. No. 460 (May 27, 2013) **[FILED UNDER SEAL]** | A6516-A6532 |
| Order Regarding Trial Times, Dkt. No. 467 (May 30, 2013) | A6533-A6534 |
| Amended Joint Submission of Proposed Jury Materials and attachments, Dkt. No. 475 (June 3, 2013) | A6535-A6670 |
| Defendants' Bench Memorandum in Opposition to Ericsson's Proposed Final Jury Instruction No. 33 and attachments, Dkt. No. 497 (June 11, 2013) | A6671-A6682 |
| Ericsson's Post-Trial Motion for a Compulsory Future Royalty and Pre-Judgment and Post-Judgment Interest, Dkt. No. 527 (June 25, 2013) **[FILED UNDER SEAL]** | A6686-A6718 |
| Defendants' Federal Rule of Civil Procedure 50(b) Renewed Motion for Judgment as a Matter of Law in Favor of Defendants (Non-Infringement and Invalidity) and Motion for a New Trial & Exhibits, Dkt. No. 528 (June 25, 2013) **[FILED UNDER SEAL]** | A6719-A7175 |
| Defendants' Response to Ericsson's Post-Trial Motion for a Compulsory Future Royalty and Pre-Judgment and Post-Judgment Interest and Exhibits, Dkt. No. 579 (July 3, 2013) **[FILED UNDER SEAL]** | A7889-A7916 |
| Plaintiff Ericsson's Response in Opposition to Defendants' Renewed Motion for Judgment as a Matter of Law of Noninfringement and Invalidity and Motion for a New Trial & Exhibits, Dkt. No. 581 (July 3, 2013) **[FILED UNDER SEAL]** | A7917-A8151 |

**Page**

**COURT FILINGS (cont'd)**

Additional Exhibits in Support of Plaintiff Ericsson's Response in Opposition to Defendants' Renewed Motion for Judgment as a Matter of Law of Noninfringement and Invalidity and Motion for a New Trial, Dkt. No. 582 (July 3, 2013) **[FILED UNDER SEAL]** ....... A8152-A8363

Additional Exhibits in Support of Ericsson's Response to Defendants' Renewed Motion for Judgment as a Matter of Law on Ericsson's Damages Claims, Dkt. No. 587 (July 3, 2013) **[FILED UNDER SEAL]** ....... A8769-A8845

Plaintiff Ericsson Inc. and Defendant Dell Inc.'s Joint Motion to Approve Supersedeas Bond and Enter Order Staying Execution of Judgment and Exhibits, Dkt. No. 651 (Oct. 4, 2013) **[FILED UNDER SEAL]** ....... A8846-A8872

Dell Inc.'s Rebuttal to Plaintiff Ericsson Inc.'s Arguments Regarding Joint Motion to Approve Supersedeas Bond and Enter Order Staying Execution of Judgment, Dkt. No. 660 (Oct. 11, 2013) **[FILED UNDER SEAL]** ....... A8879-A8885

Order Approving Supersedeas Bond and Staying Execution of Judgment, Dkt. No. 661 (Nov. 4, 2013) ....... A8886-A8887

Ericsson's Opening Claim Construction Brief and Exhibits, Dkt. No. 209 (May 8, 2012) ....... A8888-A9090

Ericsson's Reply Claim Construction Brief and Exhibits, Dkt. No. 230 (June 15, 2012) ....... A9091-A9104

Proposed Joint Final Pretrial Order and Exhibits A-J, Dkt. No. 417 (May 9, 2013) ....... A10001-A10435

Defendants' Reply in Support of Their Motion for Confirmation of Court's Claim Construction, Dkt. No. 462 (May 28, 2013) **[FILED UNDER SEAL]** ....... A10436-A10446

**Page**

## VOLUME III

### TRIAL EXHIBITS

| | |
|---|---|
| DX104 - Ericsson Presentation on 50B Licensing (Kasim Alfalahi Deposition Exhibit 17) [ERCDLINK0166067-00001 - ERCDLINK0166067-00026] **[FILED UNDER SEAL]** | A15001- A15026 |
| DX120 - 10/13/1997- Petras, et al.,  Petras ComNets Submission, "Candidate Protocol Stack  (MAC+ LLC) for a Wireless ATM Air Interface", WG3 Temporary document WG3TD76 (12/29/2012 Disclosure of Dietmar Petras Exhibit II) [75748DOC0058940- 75748DOC0058965; ERCDLINK0404526-00001 - ERCDLINK0404526-00026] | A15027- A15053 |
| DX161 - 09/00/2002 -IEEE-SA Standards Board Bylaws, IEEE-SA [75747DOC5811449-75747DOC5811463] | A15054- A15068 |
| DX193 - 09/11/2002- Chesson, G., Kitchin, D., et al., "IEEE P802.11 Wireless LANs, Wireless Multimedia Enhancements (WME)" [75747DOC0025741- 75747DOC0025760] | A15069- A15088 |
| DX198 - 802.11-05/1095r2 [75747DOC5799697- 75747DOC5799733] | A15089- A15125 |
| DX252 - 01/00/2011 - Sarel, E. "L2Parser Overview" Intel Mobility Wireless Group, Intel Confidential [75685DOC020154- 75685DOC020186] **[FILED UNDER SEAL]** | A15126- A15158 |
| DX356 - 03/2000- Kitchin, D., "Wireless LAN QoS" Intel Wireless LAN Operation, 802.11-00/036 [75747DOC0001631 - 75747DOC0001635] | A15159- A15163 |
| DX479 - 05/19/2009 - U.S. Patent No. 7,535,858 [DEFS00026407- DEFS000264201] | A15164- A15177 |
| DX520 - Compilation Puma Peak Software Code **[FILED UNDER SEAL]** | A15178- A15178.2 |

**Page**

### TRIAL EXHIBITS (cont'd)

DX537 - Ericsson Patent Licensing and Profitability Powerpoint Presentation [ERCDLINK0010981] — A15179-A15209

DDX03 - Demonstrative slides used during the testimony of Jerry Gibson **[DDX03-39 FILED UNDER SEAL]** — A15210-A15297

PX0026 - 11/30/2009 - Global Patent License Agreement between Ericsson and Melco Holdings Inc. Systems, Inc. (01/04/2013 Bone Expert Report) [ERCDLINK0009359] **[FILED UNDER SEAL]** — A15298-A15314

PX0027 - 01/01/2007 - Amendment No. 1 to the Global Patent License Agreement between Ericsson and Option N. V (01/04/2013 Bone Expert Report) [ERCDLINK0011241] **[FILED UNDER SEAL]** — A15315-A15320

PX0028 - 12/01/2003 - Global Patent License Agreement between Ericsson and Option N. V (01/04/2013 Bone Expert Report) [ERCDLINK0011242] **[FILED UNDER SEAL]** — A15321-A15332

PX0029 - 01/01/2007 - Summary of RIM Global Patent License Agreement between Ericsson and RIM (01/04/2013 Bone Expert Report) [ERCDLINK00011825-ERCDLINK00011839] **[FILED UNDER SEAL]** — A15333-A15347

PX0030 - 01/01/2007 - WLAN Patent License Agreement between Ericsson and Ascom (01/04/2013 Bone Expert Report) [ERCDLINK00011840- ERCDLINK00011854] **[FILED UNDER SEAL]** — A15348-A15362

PX0031 - 01/01/2012 - Global Patent Cross-License Agreement between Ericsson and Hewlett-Packard Company (01/04/2013 Bone Expert Report) [ERCDLINK0039162-ERCDLINK0039203] **[FILED UNDER SEAL]** — A15363-A15404

**Page**

### TRIAL EXHIBITS (cont'd)

PX0032 - 06/29/2012 - Hewlett-Packard Patent Purchase and Sale Agreement between Hewlett- Packard Development Company, L.P. and Hewlett-Packard Company (01/04/2013 Bone Expert Report) [ERCDLINK0039204 - ERCDLINK0039231] **[FILED UNDER SEAL]**

A15405-A15432

PX0033 - 12/31/2011 - Global Patent License Agreement between Ericsson and Sonim Technologies Inc. (01/04/2013 Bone Expert Report) [ERCDLINK0040416-ERCDLINK0040434] **[FILED UNDER SEAL]**

A15433-A15451

PX0037 - 12/21/2010 - Global Patent License Agreement between Ericsson and Research In Motion Limited (01/04/2013 Bone Expert Report) [ERCDLINK0042103 - ERCDLINK0042130] **[FILED UNDER SEAL]**

A15452-A15479

PX0283 - 2007 IEEE Standard 802.11

A15480-A16712

PX0286 - 2009 IEEE Standard 802.11

A16713-A17248

PX0293 - 01/29/2003 Letter of Assurance for Essential Patents to IEEE from Telefonaktiebolaget LM Ericsson

A17249-A17251

PX0294 - 04/18/2011 Letter of Assurance for Essential Patents to IEEE from Ericsson, Inc.

A17252-A17255

PX0464 - 01/01/2012 - ASCOM Global Patent License Agreement with Ericsson [ERCDLINK00595927-ERCDLINK00595946] **[FILED UNDER SEAL]**

A17256-A17275

DX081 - 05/23/2012- Ericsson Presentation "WLAN Licensing Strategy" (Nils Forslund Deposition Exhibit 11) [ERCDLINK0173832] **[FILED UNDER SEAL]**

A17276-A17288

**Page**

**TRIAL EXHIBITS (cont'd)**

DX186 - 12/21/2011- Email from Ives, B. to Johns, A Subject: Ericsson-HP patent license discussions- for settlement purpose [ERCDLINK0491259_00001- ERCDLINK0491259 00003] **[FILED UNDER SEAL]**     A17289-A17291

PX0013 - Confidential Settlement, Release and License Agreement between Commonwealth Scientific and Industrial Research Organization and Intel Corporation, effective as of April 16, 2009 [17724DOC000001-17724DOC000026] **[FILED UNDER SEAL]**     A20001-A20026

PX0015 - Settlement and Patent License Agreement between Commonwealth Scientific and Industrial Research Organization and Belkin International, Inc., effective April 24, 2009 [BELK00135787- BELK00135807] **[FILED UNDER SEAL]**     A20027-A20047

PX0022 - Confidential Settlement, Release and License Agreement between Commonwealth Scientific and Industrial Research Organization and Intel Corporation, effective April 16, 2009 [DELL-LIC0000165- DELL-LIC0000189] **[FILED UNDER SEAL]**     A20048-A20072

PX0024 - Settlement and Patent License Agreement between Commonwealth Scientific and Industrial Research Organization and D-Link Systems, Inc., effective September 2009 [DKS321761- DKS321780] **[FILED UNDER SEAL]**     A20073-A20092

PX0041 – Settlement, Release, and Patent License Agreement between Commonwealth Scientific and Industrial Research Organization and NETGEAR, Inc., effective May 15, 2009 [NETGEARINC00388228- NETGEARINC00388250] **[FILED UNDER SEAL]**     A20109-A20131

PX0052 – Release Agreement between Dell Inc. and Intel Corporation, effective April 16, 2009 [DELL-LIC0000153- DELL-LIC0000158] **[FILED UNDER SEAL]**     A20132-A20137

**Page**

**TRIAL EXHIBITS (cont'd)**

PX0238 - Excel Spreadsheet Value to HP      A20138-
[ERCDLINK0169686] **[FILED UNDER SEAL]**      A20141

PX0244 - .txt file Printers:34 million 2009 HP sells      A20142-
[ERCDLINK0490768] **[FILED UNDER SEAL]**      A20143

## CONFIDENTIAL MATERIAL OMITTED

The material omitted on pages A1316-A1321, A1359-A1361, A1460-A1464, A1465-A1467, A1469-A1472, A1630-A1635, A1701-A1702, A1752-A1755, A5361-A5363, A5366-A5367, A5369, A5421-A5424, A5469-A5482, A5538-A5540, A5615, A5619, A5682, A5684-A5698, A5923-A5924, A5928-A5947, A5968-A5969, A5980-A5981, A6028, A6276, A6279-A6289, A6292-A6293, A6295-A6316, A6329-A6330, A6333-A6335, A6339-A6342, A6346-A6349, A6375-A6377, A6381, A6386-A6387, A6393-A6394, A6397-A6401, A6454-A6458, A6482, A6485-A6487, A6490-A6492, A6496-A6498, A6500-A6506, A6508-A6511, A6513-A6515, A6523, A6690, A6801-A6854, A7026, A7891, A7907-A7909, A7933, A8165-A8179, A8180-A8293, A8294-A8306, A8307-A8309, A8310-A8319, A8321, A8327-A8335, A8349, A8351-A8353, A8820-A8821, A8823, A8832, A8836, A8840, A8880-A8884, A10439, A15001, A15010, A15126, A15128, A15178.1-A15178.2, A15289, A15298-A15314, A15315-A15320, A15321-A15332, A15333-A15347, A15348-A15362, A15363-A15404, A15405-A15432, A15433-A15451, A15452-A15479, A17256-A17275, A17276, A17284, A17289, A20001-A20026, A20027-A20047, A20048-A20072, A20073-A20092, A20109-A20131, A20132-A20137, A20138-A20141, A20142-A20143 are documents that contain source code, documents disclosing confidential information relevant to ongoing or prospective business operations, documents disclosing confidential third-party information, and confidential agreements. The foregoing material was designated confidential by the parties pursuant to a protective order entered by the district court.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Plaintiffs,<br><br>v.<br><br>D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, and GATEWAY, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 6:10-cv-473<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Plaintiffs" or "Ericsson") file this Original Complaint for Patent Infringement against Defendants D-Link Corporation and D-Link Systems, Inc. (collectively, "D-Link"), Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation (collectively, "Acer"), and Gateway, Inc. ("Gateway"), (D-Link, Netgear, Acer, and Gateway collectively, "Defendants"), and allege as follows:

## PARTIES

1.      Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

Dallas 305466v4

## A5001

Responses in ARQ Protocols," to Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '215 Patent.

35.     On January 9, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,173,352 ("the '352 Patent"), entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer," to Billy Gayle Moon. Ericsson Inc. is the owner by assignment of the '352 Patent.

36.     Ericsson is the owner of all rights, title, and interest in and to the '516 Patent, '019 Patent, '435 Patent, '625 Patent, '568 Patent, '223 Patent, and '215 Patent ("the Ericsson WLAN Patents"). Ericsson is also the owner of all rights, title, and interest in and to the '468 and '352 Patents. Ericsson possesses all rights to sue and recover for past and future infringement.

37.     Each of the Ericsson WLAN Patents, the '468 Patent, and the '352 Patent is valid and enforceable.

38.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the Ericsson WLAN Patents through the IEEE 802.11-compliant products they make, use, import, export, sell, and/or offer for sale. D-Link and Netgear have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '468 Patent through the PCMCIA routers they make, use, import, export, sell, and/or offer for sale. Acer and Gateway have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '352 Patent

**A5009**

through personal computers including physical wireless enablement switches they make, use, import, export, sell, and/or offer for sale.

39.     Defendants are aware of several of the Ericsson WLAN Patents, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.  D-Link was previously provided written and verbal notice of the '516 Patent, '435 Patent, '625 Patent, and '223 Patent, as well as D-Link's infringement of each such patent.  Netgear was previously provided written and verbal notice of the '019 Patent, the '568 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, and the '516 Patent, as well as Netgear's infringement of each such patent.  Acer and Gateway were previously provided written and verbal notice of the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Defendants' infringement of each such patent.

40.     Ericsson has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Ericsson in an amount that adequately compensates Ericsson for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Infringement of the '468 Patent

41.     Ericsson repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42.     D-Link has been and is now directly infringing the '468 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting D-Link PCMCIA routers that practice or embody one or more claims of the '468 Patent.  For example, D-Link's DIR-450 and DIR-451 products, wireless routers with PCMCIA card slots, embody Claim 1 of

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                PAGE 10
Dallas 305466v4

**A5010**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON INC. et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:10-CV-473** |
| | § | |
| **D-LINK CORPORATION, et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Plaintiffs" or "Ericsson") file this First Amended Complaint for Patent Infringement against Defendants D-Link Systems, Inc. ("D-Link"), Netgear, Inc. ("Netgear"), Acer, Inc. and Acer America Corporation (collectively, "Acer"), Gateway, Inc. ("Gateway"), Dell, Inc. ("Dell"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC (collectively, "Toshiba"), and Belkin International, Inc. ("Belkin") (D-Link, Netgear, Acer, Gateway, Dell, Toshiba, and Belkin collectively, "Defendants"), and allege as follows:

### PARTIES

1. Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.

Dallas 324547v1

## A5030

SEE DARTIC PANISION ONLY

Systems and Terminals," to Alex Krister Raith, James Ragsdale, and John Diachina. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '568 Patent.

51.    On February 11, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,519,223 ("the '223 Patent"), entitled "System and Method for Implementing a Semi Reliable Retransmission Protocol," to Stefan Henrik Andreas Wager and Reiner Ludwig. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '223 Patent.

52.    On August 3, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,772,215 ("the '215 Patent"), entitled "Method for Minimizing Feedback Responses in ARQ Protocols," to Bela Rathonyi, Joachim Sachs, Michael Meyer, Per Beming, Mathias Johansson, Christiaan Roobol, Erik Schon, and Kazuhiko Inoue. Telefonaktiebolaget LM Ericsson is the owner by assignment of the '215 Patent.

53.    On January 9, 2001, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,173,352 ("the '352 Patent"), entitled "Mobile Computer Mounted Apparatus for Controlling Enablement and Indicating Operational Status of a Wireless Communication Device Associated with the Mobile Computer," to Billy Gayle Moon. Ericsson Inc. is the owner by assignment of the '352 Patent.

54.    Ericsson is the owner of all rights, title, and interest in and to the '516 Patent, '019 Patent, '435 Patent, '625 Patent, '568 Patent, '223 Patent, and '215 Patent ("the Ericsson WLAN Patents"). Ericsson is also the owner of all rights, title, and interest in and to the '468 and '352 Patents. Ericsson possesses all rights to sue and recover for past and future infringement.

55.    Each of the Ericsson WLAN Patents, the '468 Patent, and the '352 Patent are valid and enforceable.

56.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the Ericsson WLAN Patents through the IEEE 802.11-compliant products they make, use, import, export, sell, and/or offer for sale.  D-Link and Netgear have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '468 Patent through the PCMCIA routers they make, use, import, export, sell, and/or offer for sale.  Acer, Gateway, Dell, and Toshiba have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the '352 Patent through personal computers including physical wireless enablement switches they make, use, import, export, sell, and/or offer for sale.

57.     Defendants are aware of several of the Ericsson WLAN Patents, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.  D-Link was previously provided written and verbal notice of the '516 Patent, '435 Patent, '625 Patent, and '223 Patent, as well as D-Link's infringement of each such patent.  Netgear was previously provided written and verbal notice of the '019 Patent, the '568 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, and the '516 Patent, as well as Netgear's infringement of each such patent.  Acer and Gateway were previously provided written and verbal notice of the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Acer's and Gateway's infringement of each such patent.  Dell was previously provided written and verbal notice of the '516 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Dell's infringement of each such patent.  Toshiba was previously provided written and verbal notice of the '516 Patent, the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, the '568 Patent, the '352 Patent

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Dallas 324547v1

**PAGE 14**

**A5043**

as well as Toshiba's infringement of each such patent. Belkin was previously provided written and verbal notice of the '625 Patent, the '223 Patent, the '435 Patent, the '215 Patent, the '019 Patent, and the '568 Patent, as well as Belkin's infringement of each such patent.

58. Ericsson has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to Ericsson in an amount that adequately compensates Ericsson for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Infringement of the '468 Patent

59. Ericsson repeats and realleges the allegations in paragraphs 1-58 as though fully set forth herein.

60. D-Link has been and is now directly infringing the '468 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting D-Link PCMCIA routers that practice or embody one or more claims of the '468 Patent. For example, D-Link's DIR-450 and DIR-451 products, wireless routers with PCMCIA card slots, embody Claim 1 of the '468 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link PCMCIA routers, to directly infringe one or more claims of the '468 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

61. Netgear has been and is now directly infringing the '468 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Netgear PCMCIA routers that practice or embody one or more claims of the '468 Patent. For example, Netgear's MBR814XUC product, a wireless router with a PCMCIA card slot, embodies Claim 1 of the '468 Patent. Netgear also has been and is now contributing to and/or inducing others, such as

A5044

end users of such Netgear PCMCIA routers, to directly infringe one or more claims of the '468 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

62.    D-Link and Netgear's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, D-Link and Netgear will continue to infringe the '468 Patent.

## COUNT II

### Infringement of the '516 Patent

63.    Ericsson repeats and realleges the allegations in paragraphs 1-62 as though fully set forth herein.

64.    D-Link has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the D-Link WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

65.    Netgear has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Netgear WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Netgear WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Netgear also has been and is now contributing to

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**                                   **PAGE 16**
Dallas 324547v1

## A5045

and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

66.    Acer has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Acer WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

67.    Gateway has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Gateway WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

68.    Dell has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Dell WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Dell also has been and is now contributing to and/or

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**                                    **PAGE 17**
Dallas 324547v1

**A5046**

inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

69. Toshiba has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Toshiba WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

70. Belkin has been and is now directly infringing the '516 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '516 Patent. For example, the Belkin WLAN-compliant products supporting pulseshaping of OFDM signals practice or embody Claims 1 and 16 of the '516 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '516 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

71. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '516 Patent.

## COUNT III

### Infringement of the '019 Patent

72.     Ericsson repeats and realleges the allegations in paragraphs 1-71 as though fully set forth herein.

73.     D-Link has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the D-Link WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

74.     Netgear has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Netgear WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent.  Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '019 Patent.  Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

75.     Acer has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '019 Patent.  For example, the Acer WLAN-compliant products supporting Quality of Service operation practice or embody

**A5048**

Claim 19 of the '019 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '019 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

76.     Gateway has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '019 Patent. For example, the Gateway WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '019 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

77.     Dell has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '019 Patent. For example, the Dell WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '019 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

78.     Toshiba has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '019 Patent. For example, the Toshiba WLAN-compliant products supporting Quality of Service operation practice or

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**                                                    **PAGE 20**
Dallas 324547v1

**A5049**

embody Claim 19 of the '019 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '019 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

79.     Belkin has been and is now directly infringing the '019 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '019 Patent. For example, the Belkin WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '019 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '019 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

80.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '019 Patent.

**COUNT IV**

**Infringement of the '435 Patent**

81.     Ericsson repeats and realleges the allegations in paragraphs 1-80 as though fully set forth herein.

82.     D-Link has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT                                    PAGE 21
Dallas 324547v1

**A5050**

Request operation practice or embody Claim 1 of the '435 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

83.     Netgear has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the Netgear WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

84.     Acer has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

85.     Gateway has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the Gateway WLAN-compliant products or other products supporting Block

Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

86. Dell has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

87. Toshiba has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

88. Belkin has been and is now directly infringing the '435 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '435 Patent. For example,

**A5052**

the Belkin WLAN-compliant products or other products supporting Block Acknowledgement Request operation practice or embody Claim 1 of the '435 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '435 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

89. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '435 Patent.

## COUNT V

### Infringement of the '625 Patent

90. Ericsson repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91. D-Link has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

92. Netgear has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example,

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Dallas 324547v1

**PAGE 24**

the Netgear WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

93.     Acer has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

94.     Gateway has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example, the Gateway WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

95.     Dell has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-

**A5054**

compliant products that practice or embody one or more claims of the '625 Patent. For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

96.      Toshiba has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

97.      Belkin has been and is now directly infringing the '625 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '625 Patent. For example, the Belkin WLAN-compliant products or other products supporting Block Acknowledgement operation practice or embody Claim 1 of the '625 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '625 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

98.      Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**                                                **PAGE 26**
Dallas 324547v1

**A5055**

remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '625 Patent.

**COUNT VI**

**Infringement of the '568 Patent**

99.     Ericsson repeats and realleges the allegations in paragraphs 1-98 as though fully set forth herein.

100.     D-Link has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '568 Patent. For example, the D-Link WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

101.     Netgear has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '568 Patent. For example, the Netgear WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

102.     Acer has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-

**A5056**

compliant products that practice or embody one or more claims of the '568 Patent. For example, the Acer WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

103. Gateway has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '568 Patent. For example, the Gateway WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

104. Dell has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '568 Patent. For example, the Dell WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

105. Toshiba has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** **PAGE 28**
Dallas 324547v1

**A5057**

compliant products that practice or embody one or more claims of the '568 Patent. For example, the Toshiba WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

106. Belkin has been and is now directly infringing the '568 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '568 Patent. For example, the Belkin WLAN-compliant products supporting Quality of Service operation practice or embody Claim 19 of the '568 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '568 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

107. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '568 Patent.

## COUNT VII

### Infringement of the '223 Patent

108. Ericsson repeats and realleges the allegations in paragraphs 1-107 as though fully set forth herein.

109. D-Link has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-

compliant products that practice or embody one or more claims of the '223 Patent. For example, the D-Link WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

110. Netgear has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Netgear WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

111. Acer has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Acer WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

112. Gateway has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway

WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Gateway WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

113. Dell has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Dell WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

114. Toshiba has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Toshiba WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

115. Belkin has been and is now directly infringing the '223 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '223 Patent. For example, the Belkin WLAN-compliant products or other products supporting MSDU Lifetime timer operation practice or embody Claims 11 and 30 of the '223 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '223 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

116. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '223 Patent.

## COUNT VIII

### Infringement of the '215 Patent

117. Ericsson repeats and realleges the allegations in paragraphs 1-116 as though fully set forth herein.

118. D-Link has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the D-Link WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the D-Link WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. D-Link also has been and is now contributing to and/or inducing others, such as end users of such D-Link WLAN-compliant products, to directly infringe one or more claims of

**A5061**

the '215 Patent. D-Link's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

119. Netgear has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Netgear WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Netgear WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Netgear also has been and is now contributing to and/or inducing others, such as end users of such Netgear WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Netgear's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

120. Acer has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Acer WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Acer WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

121. Gateway has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Gateway WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Gateway WLAN-compliant products or other products supporting Block

**A5062**

CASE: FAIR USE ONLY

Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

122. Dell has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Dell WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Dell WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

123. Toshiba has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Toshiba WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Toshiba WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Toshiba also has been and is now contributing to and/or inducing others, such as end users of such Toshiba WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

**A5063**

124. Belkin has been and is now directly infringing the '215 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Belkin WLAN-compliant products that practice or embody one or more claims of the '215 Patent. For example, the Belkin WLAN-compliant products or other products supporting Block Acknowledgement with compressed bitmap control field operation practice or embody Claims 1-4, 6, 8-9, and 14 of the '215 Patent. Belkin also has been and is now contributing to and/or inducing others, such as end users of such Belkin WLAN-compliant products, to directly infringe one or more claims of the '215 Patent. Belkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

125. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe the '215 Patent.

## COUNT IX

### Infringement of the '352 Patent

126. Ericsson repeats and realleges the allegations in paragraphs 1-125 as though fully set forth herein.

127. Acer has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Acer products that practice or embody one or more claims of the '352 Patent. For example, Acer's personal computers including physical wireless enablement switches, such as Acer's Ferrari 4000 Series products, embody Claim 6 of the '352 Patent. Acer also has been and is now contributing to and/or inducing others, such as end users of such Acer products, to directly infringe one or more

claims of the '352 Patent. Acer's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

128.    Gateway has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Gateway products that practice or embody one or more claims of the '352 Patent. For example, Gateway's personal computers including physical wireless enablement switches, such as Gateway's P-17, P-63, and P-68 Series products, embody Claim 6 of the '352 Patent. Gateway also has been and is now contributing to and/or inducing others, such as end users of such Gateway products, to directly infringe one or more claims of the '352 Patent. Gateway's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

129.    Dell has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Dell products that practice or embody one or more claims of the '352 Patent. For example, Dell's personal computers including physical wireless enablement switches, such as Dell's Latitude, Vostro, Inspiron, Studio, XPS, Studio XPS, Precision, and Alienware series products, embody Claim 6 of the '352 Patent. Dell also has been and is now contributing to and/or inducing others, such as end users of such Dell products, to directly infringe one or more claims of the '352 Patent. Dell's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

130.    Toshiba has been and is now directly infringing the '352 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Toshiba's products that practice or embody one or more claims of the '352 Patent. For example, Toshiba's personal computers including physical wireless enablement switches, such as Toshiba's Satellite, Qosmio Portege, Satellite Pro, and Tecra series products, embody Claim 6 of the '352 Patent. Toshiba

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**                    **PAGE 36**
Dallas 324547v1

also has been and is now contributing to and/or inducing others, such as end users of such Toshiba products, to directly infringe one or more claims of the '352 Patent. Toshiba's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

131. Acer, Gateway, Dell, and Toshiba's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Ericsson and its affiliates for which there is no adequate remedy at law. Unless enjoined by this Court, Acer, Gateway, Dell, and Toshiba will continue to infringe the '352 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson requests the following relief:

132. that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the Ericsson WLAN Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the Ericsson WLAN Patents;

133. that D-Link and Netgear and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '468 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '468 Patent;

134. that Acer, Gateway, Dell, and Toshiba and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing,

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** **PAGE 37**
Dallas 324547v1

## A5066

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** § § § | |
| **Plaintiffs,** § § | |
| **v.** § | **CIVIL ACTION NO. 6:10-CV-473-LED** |
| **D-LINK SYSTEMS, INC., et al.,** § § | |
| **Defendants.** § § § | **JURY TRIAL DEMANDED** |

## ORDER

The Court, having considered Intel Corporation's Partially Opposed Motion to Intervene, which motion is partially opposed by Ericsson, finds the Motion should be GRANTED except as to any products sold to any non-Defendant.

IT IS THEREFORE ORDERED that Intel's Motion is hereby GRANTED in part.

**So ORDERED and SIGNED this 4th day of May, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**A5070**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | Case No. 6:10-CV-473-LED |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| D-LINK SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF**

A5071

## VI.   CONSTRUCTION OF DISPUTED TERMS IN THE '215 PATENT

### A.   "Responsive To The Receiving Step, Constructing A Message Field ... Including A Type Identifier Field"

| Term | Ericsson's Construction | Defendants' Construction |
|---|---|---|
| responsive to the receiving step, constructing a message field . . . including a type identifier field<br>Claims 1, 15, 25 | responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types | responsive to the receiving step, generating a message field including a field identifying the type of feedback response that is selected from multiple available feedback responses in order to minimize the size or number of feedback responses |

Ericsson and Defendants all agree that the "constructing" claim language requires interpretation. But it is Defendants who construe the claim phrase consistent with the '215 invention: namely, optimization of system performance by minimizing the size or number of feedback responses in response to the receipt of data units. Defendants' construction is far from merely "superfluous" (as Ericsson asserts). Rather, Defendants capture the actual inventive concept claimed to overcome the prior art problems identified in the specification. Ericsson's proposed construction, by contrast, strips the claims of the actual invention.

First, each independent claim explicitly concerns "a method for *minimizing feedback responses* in an ARQ protocol," in which the construction of the optimal feedback response is "*responsive to the receiving step.*" *See* Exh. D ('215 patent) at claims 1, 15, and 25.[5] Unlike the use of a "static" message type in the prior art, the claims require construction of a feedback response "in response to" the incoming data—thereby allowing the system to realize the point of the alleged invention—*i.e.,* to "minimize feedback responses" so as to "optimize system performance." *Id.* at 4:42-54; *see also id.* at abstract and 3:46-50. Consistent with Defendants'

---

[5]   Similar language appears in independent claim 45.

-11-

## A5084

**EXHIBIT A**

## A. UNITED STATES PATENT NO. 6,330,435 ("THE '435 PATENT")

| Claim Term | Claims | Ericsson's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| data packet discard notification message from the transmitter to the receiver indicating data packets the transmitter has discarded | 1 | a control message in an Automatic Repeat Request protocol that indicates data packets that the transmitter has discarded | message containing the identity of unacknowledged data packets the transmitter has discarded |

## B. UNITED STATES PATENT NO. 6,772,215 ("THE '215 PATENT")

| Claim Term | Claims | Ericsson's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| responsive to the receiving step, constructing a message field . . . including a type identifier field | 1, 15, 25 | responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types | responsive to the receiving step, generating a message field including a field identifying the type of feedback response that is selected from multiple available feedback responses in order to minimize the size or number of feedback responses |

A5113

# Invention Disclosure:

## Method for minimising feedback responses in selective-repeat ARQ protocols

A5163

within the window. This becomes evident when comparing rows 1 and 2. The next section will introduce a new solution that can be used to minimise the size of the S-PDU in an ARQ protocol.

## 6  SOLUTION

The solution to the problem is to have a set of different types of mechanisms to indicate the erroneous D-PDUs and build up the S-PDU by using one or combining several of these mechanisms. The different methods chosen when building an S-PDU may then be selected in such a way that it optimises the performance according to some criteria. One such criterion would be to minimise the size of the S-PDU. Another could be to maximise the number of sequence numbers included in an S-PDU with limited size if it is impossible to fit all potential SNs into a single S-PDU. The state-of-the art solutions LIST and BITMAP from section 4 are included in a modified and improved way as basic components when the combination solution is explained below.

The basic components will hereafter be called messages. A message will be described by using a so-called TLV (Type, Length, Value) syntax. Every message carries these three fields that include type information, length information and a value. Similar approaches for how messages are encoding can for example be found in [11]. Figure 4 shows the structure of a generic TLV message. The size of the type field is non-zero but the other fields may be zero.

| Type |
|------|
| Length |
| Value |

**Figure 4. The structure for a generic message using the TLV syntax.**

Both Figure 2 and Figure 3 are examples of messages described in the TLV syntax. In the combination mechanism one or several basic messages will be combined to minimise the size of the S-PDU.

The basic messages will be explained in section 6.1. Then the combination mechanism will be explained in section 6.2, which is then applied to example 1 from section 5 to show the benefits of this invention.

Finally, in section 6.3 it is showed how the combination mechanism efficiently can be done together with piggybacking on D-PDUs.

## 6.1  THE BASIC MESSAGES

The basic messages to be used in the combination mechanism described in the next section will be explained here. It should be understood that the combination mechanism is not restricted to using only these two messages. There are a lot of other prior-art messages that could be used and one more example is the approach from section 10.5.2.1b and 10.5.2.13 in [11].

**BITMAP**

8

**A5170**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

**ERICSSON INC., et al.,**

      **Plaintiffs,**

      **vs.**

**D-LINK CORPORATION, et al.,**

      **Defendants.**

**Civil Action No. 6:10-cv-473-LED**

**JURY TRIAL DEMANDED**

## DEFENDANT DELL INC.'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS

## FILED UNDER SEAL

**A5360**

Case: 13-1625    Document: 179-2    Page: 51    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5361**

CONFIDENTIAL MATERIAL FILED UNDER SEAL—REDACTED

CONFIDENTIAL – ATTORNEYS' EYES ONLY



CONFIDENTIAL MATERIAL FILED UNDER SEAL - REDACTED

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A5366

**A5366**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5367**

CONFIDENTIAL MATERIAL FILED UNDER SEAL – REDACTED

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**



CASE PARTICIPANTS ONLY

# EXHIBIT 2



A5421

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**





**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



CASE PARTICIPANTS ONLY

# EXHIBIT 8

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERICSSON INC., et al.,　　　　　　　)

　　　　　　　　　　　　　　　　　)

　　　　　Plaintiffs,　　　　　　　)

　　　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　　　)　　　　Case No.:

　　　　　　　　　　　　　　　　　)

D-LINK SYSTEMS, INC.,　　　　　　　)　　6:10-CV-473-LED

　　　　　　　　　　　　　　　　　)

et al.,　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　)

　　　　　Defendants,　　　　　　　)

　　　　　　　　　　　　　　　　　)

INTEL CORPORATION,　　　　　　　　)

　　　　　　　　　　　　　　　　　)

　　　　　Intervenor.　　　　　　　)

_____

** ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL **

VIDEOTAPED 30(b)(6) DEPOSITION OF TELEFONAKTIEBOLAGET

LM ERICSSON and ERICSSON INC.

by and through

LARS GUSTAV BRISMARK, VOLUME II

Sunday, September 9, 2012

Reported by Dawn K.Larson, MBA

Registered Diplomate Reporter

Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5468**

Case: 13-1025   CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED 03/31/2014   (64 of 545)

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 283

**A5469**

CONFIDENTIAL MATERIAL FILED UNDER SEAL - REDACTED

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 284

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5471**

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 297

A5472

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5473**

Case: 13-1045   CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED 03/31/2014   (69 of 545)



Page 299

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 304

**A5475**

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 305

**A5476**

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 310

**A5477**



Page 311

Case: 13-1045   CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED  03/31/2014

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5479**

CONFIDENTIAL MATERIAL FILED UNDER SEAL - REDACTED

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 316

**A5480**



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5481**



Page 318

CASE PARTICIPANTS ONLY

# EXHIBIT 14

Lars Gustav Brismark – 9/7/2012
ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )       Case No.: |
| | ) |
| D-LINK SYSTEMS, INC., | )   6:10-CV-473-LED |
| | ) |
| et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
| Intervenor. | ) |

_____

** ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL **
VIDEOTAPED 30(b)(6) DEPOSITION OF TELEFONAKTIEBOLAGET
LM ERICSSON and ERICSSON INC.
by and through
LARS GUSTAV BRISMARK
Friday, September 7, 2012

Reported by Dawn K.Larson, MBA
Registered Diplomate Reporter

Page 1

Driver and Nix Court Reporters – (800) 488-3376
www.drivernix.com

**A5533**

Case: 13-1 CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED 03/31/2014 (80 of 545)



Page 174



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A5539**

Case: 13-1045 Document: 179-2 Page: 82 Filed: 03/31/2014

Lars Gustav Brismark - 9/7/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Page 176

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

## ERICSSON'S RESPONSE IN OPPOSITION TO DELL'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

## FILED UNDER SEAL

A5611

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

1

**A5615**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



5

**A5619**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ERICSSON INC., et al. | |
| Plaintiffs | |
| v. | Civil Action No. 6:10-cv-473 |
| D-LINK CORPORATION, et al. | JURY TRIAL DEMANDED |
| Defendants, | |

**DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE THE OPINIONS OF MR.
JOHN R. BONE REGARDING ISSUES RELATED TO DAMAGES**

**FILED UNDER SEAL**

**A5681**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION...................................................................................................1

II. FACTUAL BACKGROUND...............................................................................2

III. LEGAL STANDARD...........................................................................................3

IV. ARGUMENT.........................................................................................................5

V. CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AVM Techs., LLC v. Intel Corp.*, No. 10-610-RGA,
  2013 WL 126233 (D. Del. Jan. 4, 2013) ................................................................... 5
*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .................................................................................................. 3
*Garretson v. Clark*,
  111 U.S. 120 (1884) .................................................................................................. 5
*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ............................................................................. passim
*Lightning Ballast Control, LLC v. Philips Electronics North America Corp.*,
  2011 WL 7575006 (N.D. Tex. Jun. 10, 2011) ........................................................ 13
*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ..................................................................... 5, 7, 13
*Mirror Worlds, LLC v. Apple, Inc.*,
  2011 U.S. Dist. LEXIS 36451 (E.D. Tex. Apr. 4, 2011) ........................................ 12
*Rite-Hite Corp. v. Kelley Co. Inc.*,
  56 F.3d 1538 (Fed. Cir. 1995) ............................................................................. 7, 13
*Uniloc USA, Inc., et al. v. Microsoft Corporation*,
  632 F.3d 1292 (Fed. Cir. 2011) ..................................................................... 3, 5, 13
*VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417
  2013 WL 789288 (E.D. Tex. Mar. 1, 2013) .......................................................... 3, 9

**A5683**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5685**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5686**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



A5689

**A5690**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A5691



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5693**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5694**

**A5694**

Case: 13-1625   CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED   Document: 122-2   Page: 100   Filed: 03/30/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5695**



**A5695**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A5696

**A5697**

**A5697**

Case: 13-1625    Document: 179-2    Page: 103    Filed: 03/31/2014    (103 of 545)
Case: 13-1625    Document: 179-2    Page: 103    Filed: 03/31/2014
CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED
**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A5698**

**A5698**

CASE PARTICIPANTS ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,**<br><br>      **Plaintiffs,**<br><br>      vs.<br><br>**D-LINK CORPORATION, et al.,**<br><br>      **Defendants.** | **Civil Action No. 6:10-cv-473**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' *DAUBERT* MOTION
TO STRIKE THE EXPERT REPORT OF JOHN R. BONE**

**FILED UNDER SEAL**

**A5869**

CASE PARTICIPANTS ONLY

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICTS OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ERICSSON, INC. and TELEFONAKTIEBOLAGET LM ERICSSON | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| D-LINK SYSTEMS, INC., NETGEAR, INC., ACER, INC., ACER AMERICA CORPORATION, GATEWAY, INC., DELL, INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA CONSUMER PRODUCTS, LLC and BELKIN INTERNATIONAL, INC. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 6:10-CV-473 |
| Defendants. | ) | |

**AMENDED\* EXPERT REPORT OF JOHN R. BONE, CPA, CFF**

March 4, 2013

\*This amended expert report primarily reflects changes to the royalty base and flow through calculations affected by those changes. See notes to the exhibits found in Amended Tab 3, and Amended Tab 4, for the reasons for such changes.

**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

**A5892**



Case: 13-1625   Document: 179-2   Page: 108   Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

- 33 -

**A5924**



Case: 13-1625    Document: 122    Page: 110    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**





**A5929**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



- 40 -

**A5931**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5932**

**A5933**



**A5933**

Case: 13-1625    CONFIDENTIAL — FILED UNDER SEAL    Document: 172-2    Page: 115    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL—REDACTED**



**A5934**

Case: 13-1625   Document: 179-2   Page: 116   Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5935**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



- 45 -

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**



**A5937**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**



**A5938**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

- 48 -







**A5942**



**A5944**



**A5944**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A5945**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



Case: 13-1625    CONFIDENTIAL – PUBLIC VERSION    Document: 122    Filed: 03/30/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**



**A5968**



**A5969**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5980**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A5981**

CASE PARTICIPANTS ONLY    Document: 177-2    Page: 133    Filed: 03/31/2014

# Exhibit 4

Highly Confidential - Attorneys' Eyes Only

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ERICSSON INC., ET AL.,            )
                                  )
     Plaintiffs,                  )
                                  )
VS.                               )   NO. 6:10-CV-473
                                  )
D-LINK SYSTEMS, ET AL.,           )
                                  )
     Defendants.                  )

ORAL AND VIDEOTAPED DEPOSITION OF

M. RAY PERRYMAN, Ph.D.

MARCH 20, 2013

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Reported By: Therese Casterline

Job No: 59387

**A6022**

CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

## PLAINTIFF ERICSSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR TO EXCLUDE DEFENDANT DELL'S LICENSE DEFENSES

### FILED UNDER SEAL

## TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................1

II.     THE ISSUES TO BE DECIDED ......................................................................2

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS .................................2

IV.     NO EVIDENCE SUMMARY JUDGMENT STANDARD..............................3

V.      ARGUMENT.....................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*AICO Int'l v. Merrill Lynch & Co.*,
　98 F. App'x 44 (2d Cir. 2004) ...........................................................................8, 10

*Allstate Ins. Co. v. Banco Do Estado Do Rio Grande Do Sul*,
　No. 04-cv-1550, 2004 U.S. Dist. LEXIS 11397 (S.D.N.Y. June 23, 2004) ...........................8

*American Protein Corp. v. AB Volvo*,
　844 F.2d 56 (2d Cir. 1988)...............................................................................6

*Celotex corp. v. Catrett*,
　477 U.S. 317 (1986)......................................................................................3

*Fund Raising v. Alaskans for Clean Water*,
　2009 U.S. Dist. LEXIS 106549 (C.D. Cal. Oct. 29, 2009).......................................10

*Hammond v. Pearle Vision, Inc.*,
　659 F. Supp. 2d 784 (E.D. Tex. 2009) ...................................................................3

*Hunt Ltd. v. Lifschultz Fast Freight, Inc.*,
　889 F.2d 1274 (2d Cir. 1989)............................................................................5

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*,
　136 F.3d 537 (7th Cir. 1998) ............................................................................7

*International Multifoods Corp. v. Commercial Union Insurance Co.*,
　309 F.3d 76 (2d Cir. 2002).................................................................................5

*Johnson Enters. of Jacksonville v. Fpl Group*,
　162 F.3d 1293 (11th Cir. 1998) .........................................................................6

*K. Bell & Associates v. Lloyd's Underwriters*,
　97 F.3d 632 (2d Cir. 1996)................................................................................5

*Kiobel v. Royal Dutch Petroleum Co.*,
　621 F.3d 111 (2d Cir. 2010)..............................................................................6

*Subway Equip. Leasing Corp. v. Sims (In re Sims)*,
　994 F.2d 210 (5th Cir. 1993) ............................................................................7

*Transition Healthcare Assocs. v. Tri-State Health Investors, LLC*,
　306 Fed. Appx. 273 (6th Cir. 2009) ....................................................................7

*United States v. Bestfoods*,
　118 S. Ct. 1876 (1998).....................................................................................6

**A6277**

*Zurich Am. Ins. Co. v. Watts Indus.,*
    417 F.3d 682 (7th Cir. 2005) .............................................................................................8

McKool 874160v1
McKool 887533v2

iv

**A6278**

Case: 13-1625   Document: 179-2   Page: 140   Filed: 03/31/2014

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A6279**



McKool 887533v2

1

Case: 13-1625   Document: 179-2   Page: 141   Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6280**

McKool 874160v1
McKool 887533v2

2

**A6280**

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 179-2 Page: 142 Page: 142 Filed: 03/31/2014 Filed: 03/31/2014 (142 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6281**

McKool 874160v1
McKool 887533v2

3



McKool 874160v1
McKool 887533v2

4

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6283



McKool 874160v1
McKool 887533v2

5

**A6283**

**A6284**

McKool 874160v1
McKool 887533v2

**A6284**



McKool 874160v1
McKool 887533v2

7

**A6286**





McKool 874160v1
McKool 887533v2

10

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6289**

McKool 874160v1
McKool 887533v2

11

**A6289**

DATED: May 14, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: ___ /s/ Theodore Stevenson III
      Theodore Stevenson III,
      Lead Attorney
      Texas State Bar No. 19196650
      tstevenson@mckoolsmith.com
      Douglas A. Cawley
      Texas State Bar No. 04035500
      dcawley@mckoolsmith.com
      Bradley W. Caldwell
      Texas State Bar No. 24040630
      bcaldwell@mckoolsmith.com
      Ashley N. Moore
      Texas State Bar No. 24074748
      amoore@mckoolsmith.com
      Justin Nemunaitis
      Texas State Bar No. 24065815
      jnemunaitis@mckoolsmith.com

      300 Crescent Court, Suite 1500
      Dallas, Texas 75201
      Telephone: (214) 978-4000
      Telecopier: (214) 978-4044

      Sam Baxter
      Texas State Bar No. 01938000
      sbaxter@mckoolsmith.com
      104 E. Houston Street, Suite 300
      P.O. Box 0
      Marshall, Texas 75670
      Telephone: (903) 923-9000
      Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 177-2 Page: 152 Page: 152 Filed: 03/31/2014 Filed: 03/31/2014 (152 of 545)

CASE PARTICIPANTS ONLY

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on May 14, 2013.

*/s/ Justin Nemunaitis*
Justin Nemunaitis

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Agreed Protective Order in this case.

*/s/ Justin Nemunaitis*
Justin Nemunaitis

McKool 874160v1
McKool 887533v2

13

**A6291**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

### DECLARATION OF JUSTIN NEMUNAITIS IN SUPPORT OF
### ERICSSON'S MOTION

<u>**FILED UNDER SEAL**</u>

McKool 885475v1

**A6292**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

2

█ ████████████████ **A6293** ████████████████████

████████████████████

Date: May 14, 2013

_/s/ Justin Nemunaitis_____

Justin Nemunaitis

2

**A6293**

CASE PARTICIPANTS ONLY Document: 177-2 Page: 155

# Exhibit 1

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(156 of 545)



Case: 13-1625 Document: 179-2 Page: 156 Filed: 03/31/2014

A6295

Filed: 03/31/2014 Page: 157 Document: 179-2 Case: 13-1625



A6296

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6297

**A6297**



A6298

(160 of 545)

Case: 13-1625 Document: 179-2 Page: 160 Filed: 03/31/2014

A6299

CASE PARTICIPANTS ONLY Document: 177-2 Page: 160 Filed: 03/31/2014
CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A6299**



A6300

CONFIDENTIAL PARTICIPANTS ONLY FILED UNDER SEAL REDACTED

A6301

A6302

**A6302**

A6303

(164 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



A6304

A6304

A6305

**A6305**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6306

Case: 13-1625    Document: 179-2    Page: 167    Filed: 03/31/2014

A6306

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(168 of 545)

Case: 13-1625    Document: 179-2    Page: 168    Filed: 03/31/2014



A6307

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(169 of 545)   Case: 13-1625   Document: 179-2   Page: 169   Filed: 03/31/2014



A6308

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6309

(170 of 545)

Case: 13-1625 Document: 179-2 Page: 170 Filed: 03/31/2014

(171 of 545)     Filed: 03/31/2014     Page: 171     Document: 179-2     Case: 13-1625



**A6310**

Case: 13-1625 CASE PARTICIPANTS ONLY Document: 177-2 Page: 172 Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(172 of 545)

Filed: 03/31/2014

Page: 172

Document: 179-2

Case: 13-1625



A6311

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6312

Case: 13-1625    CASE PARTICIPANTS ONLY Document: 177-2    Page: 173    Filed: 03/31/2014
CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A6312**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6313

Case: 13-1625 CASE PARTICIPANTS ONLY Document: 177-2 Page: 175 Filed: 03/31/2014
**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(175 of 545)

Case: 13-1625 Document: 179-2 Page: 175 Filed: 03/31/2014



A6314

Case: 13-1625 CASE PARTICIPANTS ONLY Document: 177-2 Page: 176 Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(176 of 545)

Filed: 03/31/2014

Page: 176

Document: 179-2

Case: 13-1625



**A6315**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6316**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

### [PROPOSED]PLAINTIFF ERICSSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR TO EXCLUDE DEFENDANT DELL'S EXPRESS AND IMPLIED LICENSE DEFENSES

Before the Court is Plaintiff Ericsson Inc.'s Motion for Partial Summary Judgment and/or to exclude defendant Dell's Express and Implied License Defenses. After considering the Motion, the Court has determined that the Motion should be GRANTED.

**A6317**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473-LED** |
| **vs.** | |
| **D-LINK CORPORATION, et al.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### DEFENDANT DELL INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR TO EXCLUDE DEFENDANT DELL'S LICENSE DEFENSES

### FILED UNDER SEAL

**A6318**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6329**

9



A6330

10

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**

A6333

13

**A6333**

**A6334**

14

Case: 13-1625    Document: 179-2    Page: 184    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**

**A6335**



15

CASE PARTICIPANTS ONLY Document: 177-2 Page: 185 Filed: 03/31/2014

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERICSSON INC., et al.,

    Plaintiffs,

v.

D-LINK CORPORATION, et al.,

    Defendants.

Civil Action No. 6:10-cv-473

JURY TRIAL DEMANDED

## DECLARATION OF CHAD ANSON

**A6339**



**A6340**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



- 3 -

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6342**

Case: 13-1625 CASE PARTICIPANTS ONLY Document: 177-2 Page: 190 Filed: 03/31/2014

# EXHIBIT 1

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

EXHIBIT

5

10/18/12

PENGAD 800-631-6989

A6346

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6347**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6348**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



CASE PARTICIPANTS ONLY Document: 177-2

# EXHIBIT B

Kasim Alfalahi - 1/29/2013
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| D-LINK SYSTEMS, INC., | ) | 6:10-CV-473-LED |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Intervenor. | ) | |

_____

** ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL **

VIDEOTAPED ORAL 30(b)(1) DEPOSITION OF

KASIM ALFALAHI

Tuesday, January 29, 2013

Reported by Susan Perry Miller

CSR-TX, CCR-LA, CSR-CA, CCR-NV

Certified LiveNote™ Reporter

NCRA Certified Realtime Reporter

NCRA Registered Diplomate Reporter

**A6374**

ddaae93e-68d2-4d65-b544-11a93b6676d3



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6375**

ddaae93e-68d2-4d65-b544-11a93b6676d3

Kasim Alfalahi - 1/29/2013
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6376**

ddaae93e-68d2-4d65-b544-11a93b6676d3



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6377**

ddaae93e-68d2-4d65-b544-11a93b6676d3

CASE PARTICIPANTS ONLY   Document: 177-2

# EXHIBIT C

A6379

Andreas Iwerback - 12/11/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERICSSON INC., et al.,        )
                             )
        Plaintiffs,          )
                             )
v.                           )    Case No.:
                             )
D-LINK SYSTEMS, INC.,        )    6:10-CV-473-LED
                             )
et al.,                      )
                             )
        Defendants,          )
                             )
INTEL CORPORATION,           )
                             )
        Intervenor.          )
_____

** ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL **

VIDEOTAPED 30(b)(6) DEPOSITION OF
ERICSSON INC., by and through
ANDREAS IWERBÄCK
Tuesday, December 11, 2012

Reported by Micheal A. Johnson
CSR-TX, CCR-LA
Certified LiveNote™ Reporter
NCRA Certified Realtime Reporter
NCRA Registered Professional Reporter

Page 1

---

VIDEOTAPED 30(b)(6) DEPOSITION OF ERICSSON INC., by and through ANDREAS IWERBÄCK, produced as a witness at the instance of Defendants and Intervenor, and duly sworn, was taken in the above styled and numbered cause on Tuesday, December 11, 2012, from 9:38 a.m. to 6:50 p.m., before Micheal A. Johnson, CSR-TX, CCR-LA, CLR, CRR, RPR, Notary Public in and for the State of Texas, reported via Machine Shorthand with Realtime Computer Translation and Interactive Realtime Technology, at the Sheraton Stockholm Hotel, Tegelbacken 6, Box 195, Stockholm, Sweden, Stockholm, Sweden, pursuant to the Federal Rules of Civil Procedure.

--oOo--

Page 2

---

APPEARANCES

FOR PLAINTIFF ERICSSON INC. and
The Witness, ANDREAS IWERBÄCK:
    McKOOL SMITH, P.C.
    300 Crescent Court, Suite 1500
    Dallas, Texas 75201
    (T) (214) 978-4201 | (F) (214) 978-4044
    By:  Bradley Caldwell, Esq.
        bcaldwell@mckoolsmith.com

FOR INTERVENOR INTEL CORPORATION:
    KIRKLAND & ELLIS LLP
    555 California Street
    San Francisco, California 94104
    (T) (415) 439-1929 | (F) (415) 439-1500
    By:  Adam R. Alper, Esq.
        adam.alper@kirkland.com
        Peter C. Magic, Esq.
        peter.magic@kirkland.com

Page 3

---

FOR DEFENDANTS ACER, INC.; ACER AMERICA CORPORATION; GATEWAY, INC.; NETGEAR, INC.; and D-LINK SYSTEMS, INC.:
    REED SMITH, LLP
    101 Second Street, Suite 1800
    San Francisco, California 94105
    (T) (415) 659-5917 | (F) (415) 391-8269
    By:  Jonah D. Mitchell, Esq.
        jmitchell@reedsmith.com

FOR DEFENDANTS TOSHIBA CORPORATION and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.:
    FOLEY & LARDNER, LLP
    3000 K Street, N.W., Suite 600
    Washington, D.C. 20007-5109
    (T) (202) 945-6009 | (F) (202) 672-5399
    By:  Andrew Cheslock, Esq.
        acheslock@foley.com
        Liane M. Peterson, Esq.
        lpeterson@foley.com

Page 4

1 (Pages 1 to 4)

Andreas Iwerback - 12/11/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6381**

# EXHIBIT D

## Lars Gustav Brismark, Vol. II - 9/9/2012
## ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERICSSON INC., et al., )
)
Plaintiffs, )
)
v. ) Case No.:
)
D-LINK SYSTEMS, INC., ) 6:10-CV-473-LED
)
et al., )
)
Defendants, )
)
INTEL CORPORATION, )
)
Intervenor. )

_____

** ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL **
VIDEOTAPED 30(b)(6) DEPOSITION OF TELEFONAKTIEBOLAGET
LM ERICSSON and ERICSSON INC.
by and through
LARS GUSTAV BRISMARK, VOLUME II
Sunday, September 9, 2012

Reported by Dawn K.Larson, MBA
Registered Diplomate Reporter

Page 224

VIDEOTAPED 30(b)(6) DEPOSITION OF TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., by and through LARS GUSTAV BRISMARK, produced as a witness at the instance of Defendants and Intel, and duly sworn, was taken in the above styled and numbered cause on Sunday, September 9, 2012, from 9:02 a.m. to 1:49 p.m., before Dawn K. Larson, MBA, RDR, Notary Public, reported via Machine Shorthand with Realtime Computer Translation, at the Sheraton Hotel, Tegelbacken 6 SE 101 23, Stockholm, Sweden, pursuant to the Federal Rules of Civil Procedure.

Page 225

APPEARANCES:

FOR THE PLAINTIFF ERICSSON INC.:
MCKOOL SMITH, P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
202.370.8387|(F)202.370.8344
BY BRANDON M. JORDAN, ESQ.
bjordan@mckoolsmith.com

TELEFONAKTIEBOLAGET LM ERICSSON
Group Function Legal Affairs
Torshamnsgatan 23
SE - 164 83 Stockholm, Sweden
46 10 719 42 49| (F)46 10 719 95 27
BY MATS RENNTOFT, ESQ.
mats.renntoft@ericsson.com

FOR THE INTERVENOR INTEL CORPORATION:
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
415.439.1929|(F)415.439.1500
BY ADAM R. ALPER, ESQ.
adam.alper@kirkland.com
BY JARED D. EDGAR, ESQ.

Page 226

jared.edgar@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
650.859.7074|(F)650.859.7500
BY LOV KUMAR GOEL, ESQ.
lov.goel@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
213.680.8400|(F)213.680.8500
BY TIM G. MAJORS, ESQ.
tim.majors@kirkland.com

FOR DEFENDANTS ACER, INC.; ACER AMERICA CORPORATION; GATEWAY, INC.; NETGEAR, INC.; and D-LINK SYSTEMS, INC.:
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
412.288.7284|(F)412.288.3063
BY STEVEN S. BAIK, ESQ.
sbaik@reedsmith.com

Page 227

1 (Pages 224 to 227)

Case: 13-16 CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED 03/31/2014 (205 of 545)



21 (Pages 304 to 307)

**A6386**

Lars Gustav Brismark, Vol. II - 9/9/2012
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6387**

Case: 13-1625    CASE PARTICIPANTS ONLY    Document: 177-2    Page: 207    Filed: 03/31/2014

# EXHIBIT E

CASE PARTICIPANTS ONLY Document: 177-2    Page: 208

Anna L. Johns - 1/25/2013
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| D-LINK SYSTEMS, INC., | ) | 6:10-CV-473-LED |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Intervenor. | ) | |

** ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL **

VIDEOTAPED ORAL 30(B)(1) DEPOSITION OF

ANNA L. JOHNS

Friday, January 25, 2013

Reported by Michael E. Miller, CSR, CCR

Notary Public

Fellow of the Academy of Professional Reporters

NCRA Registered Diplomate Reporter

NCRA Certified Realtime Reporter

Certified LiveNote™ Reporter

Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6392**

e2026be8-a549-4670-9bf5-403dae29e83f

CONFIDENTIAL MATERIAL FILED UNDER SEAL - REDACTED

Anna L. Johns - 1/25/2013
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6393**

e2026be8-a549-4670-9bf5-403dae29e83f

Case: 13-16 CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED iled: 03/31/2014 (210 of 545)

Anna L. Johns - 1/25/2013
ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL



Driver and Nix Court Reporters - (800) 488-3376
www.drivernix.com

**A6394**

e2026be8-a549-4670-9bf5-403dae29e83f

# EXHIBIT F

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6397

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6398**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A6399**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6400

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6401

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ERICSSON INC., et al., | ) |
| | ) |
| | ) Civil Action No. 6:10-cv-473 |
| Plaintiffs, | ) |
| | ) JURY TRIAL DEMANDED |
| vs. | ) |
| | ) **FILED UNDER SEAL** |
| D-LINK CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR CONFIRMATION OF COURT'S CLAIM CONSTRUCTION

**A6454**

**A6455**



**A6455**

Case: 13-1625    Document: 179-2    Page: 219    Filed: 03/31/2014

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6456**

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 122-2 Page: 220 Page: 220 Filed: 03/31/2014 Filed: 03/31/2014 (220 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



Case: 13-1625    Document: 179-2    Page: 221    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



DATED: May 22, 2013                  Respectfully submitted,

   */s/ Robert M. Parker*
Robert M. Parker (State Bar No. 15498000)
Robert Christopher Bunt (State Bar No. 00787165)
Charles Ainsworth (State Bar No. 00783521)
Andrew T. Gorham (State Bar No. 24012715)
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
rmparker@pbatyler.com
rcbunt@pbatyler.com
charley@pbatyler.com
tgorham@pbatyler.com

Michael E. Jones (State Bar No.: 10929400)
John F. Bufe (State Bar No.: 03316930)
Allen F. Gardner (State Bar No.: 24043679)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com

Adam Alper *(Admitted Pro Hac Vice)*
Sarah Piepmeier *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile:  (415) 439-1500
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com

Luke Dauchot *(Admitted Pro Hac Vice)*
Tim Majors *(Admitted Pro Hac Vice)*
Michael De Vries *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500
luke.dauchot@kirkland.com

**A6459**

tim.majors@kirkland.com
michael.devries@kirkland.com

Gregory S. Arovas *(Admitted Pro Hac Vice)*
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
greg.arovas@kirkland.com
**ATTORNEYS FOR INTEL CORPORATION**

*/s/ Christine M. Morgan*
Scott D. Baker, *Pro Hac Vice* (Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice* (Cal. SBN 150688)
James A. Daire, *Pro Hac Vice* ( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice* (Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice* (Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
sbaker@reedsmith.com
jbovich@reedsmith.com
jdaire@reedsmith.com
ahilgard@reedsmith.com
woverend@reedsmith.com
jmitchell@reedsmith.com
sherring@reedsmith.com

Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com
**Counsel for Defendants, D-LINK SYSTEMS, INC.,
NETGEAR, INC., ACER, INC., ACER AMERICA
CORPORATION, and GATEWAY, INC.**

**A6460**

S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J. CHRISTINE YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Tel: (714) 641-4022; Fax: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com
**Counsel for Defendant D-LINK SYSTEMS, INC.**


  */s/ Dwayne C. Norton* (with permission)
Michael J. Newton (Texas Bar No. 24003844)
Jason W. Cook (Texas Bar No. 24028537)
Dwayne C. Norton (Texas Bar No. 24076139)
Shaun W. Hassett (Texas Bar No. 24074372)
Brady Cox (Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
jason.cook@alston.com
dwayne.norton@alston.com
shaun.hassett@alston.com
brady.cox@alston.com

Marsha E. Mullin (California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Phone: (213) 576-1000
Fax: (213) 576-1100
marsha.mullin@alston.com

Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
frank.smith@alston.com

**A6461**

Case: 13-1625    Case: 13-1625    Document: 179-2    Page: 225    Filed: 03/31/2014    Document: 177-2    Page: 225    Filed: 03/31/2014    (225 of 545)

CASE PARTICIPANTS ONLY

kamran.jivani@alston.com

Deron R. Dacus (Texas Bar No. 00790553)
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:   (903) 705-1117
Facsimile:    (903) 581-2543
ddacus@dacusfirm.com
**Counsel for DEFENDANT DELL INC.**


   */s/ John Feldhaus* (with permission)
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
 jfeldhaus@foley.com
pagarwal@foley.com
acheslock@foley.com

Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI  53202
Telephone: (414) 319-7067
Facsimile: (414) 297-4900
kmalaney@foley.com

Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
guy@gnhlaw.com
**Counsel for TOSHIBA CORPORATION AND
TOSHIBA AMERICA INFORMATION SYSTEMS,
INC.**


**A6462**

*/s/ Ryan K. Yagura* (with permission)
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
vwinter@omm.com
ryagura@omm.com
echan@omm.com
**Attorneys for BELKIN INTERNATIONAL, INC.**


*/s/ Eugene M. Paige* (with permission)
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
mshacham@kvn.com
**Attorneys for ACER, INC., D-LINK CORPORATION and GATEWAY, INC.**

**A6463**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 22, 2013.

*/s/ Robert M. Parker*
Robert M. Parker

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs and counsel for all Defendants have conferred regarding the present motion. Ericsson indicates that it opposes the present motion, leaving the parties at an impasse for the Court to resolve.

*/s/ Robert M. Parker*
Robert M. Parker

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under local rule CV-5(d), the foregoing document is filed under seal pursuant to the Protective Order in this matter.

*/s/ Robert M . Parker*
Robert M. Parker

**A6464**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ERICSSON INC.**, *et. al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Civil Action No. 6:10-CV-473** |
| **v.** | § | **(LED/KFG)** |
| | § | |
| **D-LINK CORPORATION**, *et. al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER CONSTRUING CLAIM TERMS OF UNITED STATES PATENT NOS.
### 6,772,215, 6,330,435, 5,987,019, 6,466,568, and 5,790,516

This claim construction opinion construes the disputed claim terms in U.S. Patent Nos. 6,772,215, 6,330,435, 5,987,019, 6,466, 568, and 5,790,516 as asserted in the above captioned case. A *Markman* hearing was held on June 27, 2012, to construe the disputed terms of the various patents. For the reasons stated herein, the Court adopts the constructions set forth below.

## CLAIM CONSTRUCTION PRINCIPLES

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005)(quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 111, 115 (Fed. Cir. 2004)). The Court examines a patent's intrinsic evidence to define the patented invention's scope. *Id.* at 1313-1314; *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.,* 262 F.3d 1258, 1267 (Fed. Cir. 2001). Intrinsic evidence includes the claims, the rest of the specification and the prosecution history. *Phillips*, 415 F.3d at 1312-13; *Bell Atl. Network Servs.*, 262 F.3d at 1267. The Court gives claim terms their ordinary and customary meaning as understood

1

**A6466**

can be used to maximize the number of sequence numbers in an S-PDU with limited size, if it is not possible to fit all potential sequence numbers into a single S-PDU. '215 patent at 4:33-38. The inventors summarized the invention as "a method for minimizing feedback responses in an ARQ protocol ... whereby different mechanisms can be used to indicate erroneous D-PDUs and construct S-PDUs. In particular, these different mechanisms can be combined in a single S-PDU. The S-PDUs are constructed so as to optimize system performance in accordance with certain criteria. One such criterion used is to minimize the size of the S-PDUs. A second such criterion used is to maximize the number of [sequence numbers] in an S-PDU of limited size." '215 patent at 4:44-53.

## DISCUSSION

**I.      Disputed terms of the '215 patent.**

The disputed terms and their proposed constructions are set forth below.

**a.      "responsive to the receiving step, constructing a message field for a second data unit, said message field including a type identifier field" (claims 1, 15 and 25)**

| Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|
| responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types | responsive to the receiving step, generating a message field including a field identifying the type of feedback response that is selected from multiple available feedback responses in order to minimize the size of number of feedback responses |

Plaintiffs acknowledge that the proposed constructions are nearly identical, but argue that Defendants' proposed construction contains superfluous language and should be rejected. Plaintiffs' first objection to Defendants' proposed construction is that it requires the type of feedback response to be actively "selected from multiple available feedback responses", which, they argue, would import an entirely additional step (the step of selecting) into the claim, violating the canons of claim

6

**A6467**

to capture the scope of the actual invention,[2] citing *Retractable Techs., Inc. v. Becton, Dickinson and Co.*, 653 F.3d 1296 (Fed Cir. 2011) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005)(en banc)).

This Court notes that there is currently a split among the judges on the Federal Circuit regarding the appropriate role of the specification in construing the claims of a patent. *See Retractable Technologies, Inc. v. Becton, Dickinson and Company*, 659 F.3d 1369 (Fed. Cir. 2011)(denial of re-hearing en banc). As stated above, Defendants urge that the claims should be construed in order to capture the actual scope of the invention. Judge Lourie is of the view that the claims are limited by the "invention" described in the specification. *Retractable*, 653 F.3d at 1305 ("In reviewing the intrinsic record to construe the claims, we strive to capture the scope of the actual invention, rather than strictly limit the scope of the claim to disclosed embodiments or allow claim language to become divorced from what the specification conveys is the invention."). However, Judge Moore along with Chief Judge Rader take the view that the claims define the metes and bounds of the patented invention and, although the specification may shed light on the plain and ordinary meaning of a claim term, it cannot be used to narrow the claim term unless the inventor acted as his own lexicographer or intentionally disclaimed or disavowed claim scope. *Retractable*, 659 F.3d at 1360-71.

This Court is inclined toward Judge Moore's and Chief Judge Radar's view in *Retractable*. Defendants' proposed construction seems to fall on the side of reading limitations into the claims

---

[2] Ericsson disagrees that the advantage of minimizing the feedback response is the crux of the invention. It contends that the invention is "the creation of a choice in the receiver of multiple different formats of messages to use and then also the creation of a type identifier field which allows the receiver to identify to the transmitter which it is choosing." Transcript, p. 13.

8

**A6468**

rather than reading the claims in light of the specification. <mark>In addition, this Court agrees with Plaintiffs that Defendants' construction adds only two, and not all, of the advantages set forth in the patent.</mark> "[T]he fact that a patent asserts that an invention achieves several objectives does not require that each of the claims be construed as limited to structures that are capable of achieving all of the objectives." *Phillips*, 415 F.3d at 1327 (internal quotations omitted).

Therefore, this Court finds that the term "responsive to the receiving step, constructing a message field for a second data unit, said message field including a type identifier field" means **"responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types."**

  b. **"means for receiving said plurality of first data units, and constructing one to several message fields for a second data unit, said one to several message fields including a type identifier field and at least one of a sequence number field, a length field, a content field, a plurality of erroneous sequence number fields, and a plurality of erroneous sequence number length fields, each of said plurality of erroneous sequence number fields associated with a respective one of said plurality of erroneous sequence number length fields" (claim 45)**

9

**A6469**

Defendants are correct that the proper definition of N' is N'=N/alpha where alpha is a frequency adjustment factor that depends on the pulseshaping function w(t) used. '516 patent, Col. 7:7-10; Col. 5:10-11. However, the language at col. 6:5-8 which states that using a particular pulseshaping function "may" require adjustment in the choice of subcarriers chosen in order to maintain orthogonality during data transmission, is a concern. This certainly implies that the inventor recognized that there may be situations where mild pulseshaping occurs but the number of subcarriers remain the same.

Therefore, this Court construes "performing an N'-point inverse fast fourier transform (IFFT)" to mean **"performing an N'-point IFFT such that N' refers to the number of IFFT points which depend on the pulseshaping waveform used."**

The above-cited terms of the patents at issue should, therefore, be construed in accordance with this order.

**SIGNED this the 8th day of March, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

**A6470**

Case: 13-1625     CASE PARTICIPANTS ONLY     Document: 177-2     Page: 234     Filed: 03/31/2014

# EXHIBIT B

Case: 13-1625     CASE PARTICIPANTS ONLY     Document: 177-2     Page: 234     Filed: 03/31/2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION


ERICSSON, INC., ET AL    | DOCKET NO. 6:10CV00473
                         |
                         | JUNE 27, 2012
VS.                      |
                         | 10:05 A.M.
                         |
D-LINK CORPORATION,      |
ET AL                    | TYLER, TEXAS

--------------------------------------------------------------

VOLUME 1 OF 1, PAGES 1 THROUGH 213

REPORTER'S TRANSCRIPT OF CLAIM CONSTRUCTION HEARING

BEFORE THE HONORABLE KEITH GIBLIN
UNITED STATES MAGISTRATE JUDGE

--------------------------------------------------------------


APPEARANCES:

FOR THE PLAINTIFFS:    THEODORE STEVENSON, III
                       BRADLEY WAYNE CALDWELL
                       ASHLEY NICOLE MOORE
                       MCKOOL SMITH
                       300 CRESCENT COURT
                       SUITE 1500
                       DALLAS, TEXAS 75201

FOR THE DEFENDANTS:    LUKE L. DAUCHOT
                       KIRKLAND & ELLIS, LLP
                       333 SOUTH HOPE STREET
                       29TH FLOOR
                       LOS ANGELES, CALIFORNIA 90071

                       ADAM R. ALPER
                       KIRKLAND & ELLIS, LLP
                       555 CALIFORNIA STREET
                       27TH FLOOR
                       SAN FRANCISCO, CALIFORNIA 94104

Tonya B. Jackson, RPR-CRR
409.654.2833
**A6472**

response message."

And more specifically, the invention of the '215 patent allows the receiver to choose the format of the feedback response mechanism and use a type identifier field in the response to inform the transmitter which type of format it's choosing.

A number of formats for the feedback response mechanism are discussed in the patent; for instance, a list. That would be just a list of the packets that were not successfully received. Another way that it can be done is bitmap. And a bitmap would essentially be a matrix with entries in it that correspond to the PDUs that were sent, and a 1 or a 0 might indicate whether that PDU was successfully received or not. And then another technology or another way of doing it in the patent is called a "compressed bitmap," which is a bitmap which is then compressed to save space.

Importantly, the different messages -- an advantage of this, different formats of the message may be more preferable than others in certain circumstances. But the invention here is not limited to a list or a bitmap or a compressed bitmap -- those are three examples -- but rather the invention is to build in choice at the receiver side of a type of feedback response format to use and also then to provide a way

CASE PARTICIPANTS ONLY Case: 13-1625    Document: 177-2    Page: 237    Filed: 03/31/2014
Claim Construction Hearing

10

that the receiver can indicate which it's choosing to the transmitter so that they can communicate and be in sync.

THE COURT:  Right.

MR. STEVENSON:  Now, there are several advantages listed in the patent to doing this.  They're typically in the summary of the intention, although they're in other spots.  One advantage is this allows the receiver to choose a feedback response message type that minimizes the size of the transmission.  Another advantage is that the protocol overhead is minimized.  Another advantage that's listed in the patent is that the receiver can choose, if it wants to, a type of response that will maximize the number of packets that can be transmitted as dropped if you have a fixed length feedback response message.  But all those, importantly, as I will discuss in my remarks, are advantages that flow from the invention; and the invention is giving the receiver the choice of what type of format to use.

This is a representative claim.  This is claim 1.  And the way it's been claimed is as "a method for minimizing feedback responses in an ARQ protocol, comprising the steps of."  And as we know, the preamble isn't a limitation.

The three limitations are:  One, sending a plurality of first data units over a communication link;

Tonya B. Jackson, RPR-CRR
409.654.2833

**A6474**

11

two, receiving the plurality of first data units; and

then, third, responsive to the receiving step,

constructing a message field for a second data unit, that

message field including a type identifier field and at

least one of a sequence number field, a length field, and

a content field.  And that's the way the applicant chose

to claim its invention.

The first term at issue is the term

"constructing a message field."  It appears in the claim

as "responsive to the receiving step, constructing a

message field," "including a type identifier field."  And

as the court can see, that is the language right here

(indicating) that remains to be construed.

The dispute between the parties on this claim

is does the advantage that is gained from incorporating

this message field that allows a choice, does the

advantage of minimizing the size or number of feedback

responses necessarily have to be read in when it doesn't

appear in the claim element.  So, Ericsson's construction

is "responsive to the receiving step, generating a

message field, including a field that identities the

message type of the feedback response message from a

number of different message types."

The defendants' is fairly similar to

Ericsson's until we get to the end, in which they add

12

that this be done, quote, in order to minimize the size or number of feedback responses.  They've, in their construction, gone to two of the advantages, and not even all the listed advantages in the patent, and incorporated those as limitations of the claims.  And importantly, that is the error here in the defendants' approach.  The applicant did not claim these specific advantages.

Typically to import a limitation that is not expressly in the claim into the claim, the defendant must prove that there is a clear surrender of subject matter or a clear and unmistakable disclaimer.  And the *Thorner* case, which is one of the most recent, says (reading) we don't read limitations from the specification into the claim, and we don't redefine words.  Only the patentee can do that.  For a disclaimer, there must be a clear and unmistakable disclaimer.

Now, importantly in the briefing, the defendants never point to anything in the prosecution history which would constitute a disclaimer requiring that the advantage of minimization of the size of the feedback response message be read in.  As the Court knows, frequently defendants will come into court and say in prosecution with the patent office, the applicant alleged that this was the important part of his invention that gets over the prior art; and in those circumstances,

CASE PARTICIPANTS ONLY

13

if there's an unmistakable surrender, that may be read in as a limitation.  But in this case the defendants haven't even argued that because no such statement was made during the prosecution.

In other cases, defendants will sometimes argue a specification disclaimer, that there is an attempt to get over the prior art in the specification by touting a limitation or an element of the claim that doesn't appear in the claim elements.  In this case the defendants haven't argued that either.  They've not pointed to a specification disclaimer in their brief and they haven't alleged it nor a prosecution history disclaimer.

What they have argued essentially is that they believe the advantage of minimizing the feedback response message is the crux of the invention, and we disagree about that.  It's very important -- and our argument is that the invention is creation of a choice in the receiver of multiple different formats of messages to use and then also the creation of a type identifier field which allows the receiver to identity to the transmitter which it is choosing.  But very clearly the applicant stopped and did not choose to include a requirement that the advantage be met as an element.  And that's very clear and it's expressed in the patent and we believe

Case: 13-1625    Case: 13-1625    Document: 179-2    Page: 241    Filed: 03/31/2014    (241 of 545)
CASE PARTICIPANTS ONLY Document: 177-2    Page: 241    Filed: 03/31/2014
Claim Construction Hearing

17

argue it in by saying, "We think this is the crux of the invention. We think this is, in our subjective view of the patent, the most important thing about the patent."

What they're wrong about is this is the advantage to be obtained; and the invention is, as is expressed in the claims, giving the receiver a choice and constructing a message field that has a type identifier so it can express what it has chosen to use as a format for communicating the packets that have been dropped.

That's all I have on this term. There's one other term, and then there's an indefiniteness argument on this patent. But if the court wishes, I'll yield the podium and let them respond.

THE COURT: Thank you, counsel. We're here on this claim right here.

MR. DAUCHOT: Good morning, your Honor.

THE COURT: Good morning.

MR. DAUCHOT: My name is Luke Dauchot. I'm here on behalf of Intel, and I will be speaking -- I represent Intel, but I will be speaking on behalf of all of the defendants.

A couple of points, your Honor. First let me introduce some of the other people at the table who are going to be handling some of the work here today. I'll be dealing with the '215 patent that Mr. Stevenson just

213

like from the parties is just as soon as possible, I'd like three copies of your slides. I don't know if you have them with you. I'd love to have them if you have them with you; and if you don't, send them to me as soon as possible. I'm going to try to get something out just as quickly as I possibly can.

Anything else we need to do?

MR. AROVAS: No. Thank you, your Honor.

We have the slides.

THE COURT: Okay. Thank you. We'll be in recess.

MR. STEVENSON: Thank you, your Honor.

THE COURT: Sorry to keep you during lunch. Thank you.

(Proceedings adjourned, 3:26 p.m.)

COURT REPORTER'S CERTIFICATION

I HEREBY CERTIFY THAT ON THIS DATE, JULY 13, 2012, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.

_____
/s/
TONYA JACKSON, RPR-CRR

CASE PARTICIPANTS ONLY    Document: 177-2    Page: 243    Filed: 03/31/2014

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERICSSON INC., et al.,

      Plaintiffs,

      vs.

D-LINK CORPORATION, et al.,

      Defendants.

Civil Action No. 6:10-cv-473

**JURY TRIAL DEMANDED**

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF DR. SCOTT NETTLES**

**FILED UNDER SEAL**

A6481



2

**A6482**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on May 2, 2013.

*/s/ Justin Nemunaitis*
Justin Nemunaitis

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Agreed Protective Order in this case.

*/s/ Justin Nemunaitis*
Justin Nemunaitis

McKool 884174v1

**A6483**

CASE PARTICIPANTS ONLY Case: 13-1625 Document: 177-2 Page: 247 Filed: 03/31/2014

# EXHIBIT D

Case: 13-1625  Document: 179-2  Page: 248  Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6485**

Case: 13-1625    Document: 179-2    Page: 242    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6486**



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | |
| | ) | |
| | ) | |
| | ) | Civil Action No. 6:10-cv-473 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| D-LINK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR**
**CONFIRMATION OF COURT'S CLAIM CONSTRUCTION**

Before the Court is Defendants' Motion for Confirmation of the Court's Claim Construction regarding U.S. Patent No. 6,772,215. After careful consideration of the same, the Court is of the opinion that Defendants' motion should be GRANTED and that, consistent with the Court's claim construction, "generating a message. . . . from a number of different types" is a requirement of the asserted claims of the '215 Patent.

**A6488**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473-LED** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

### DEFENDANT DELL INC.'S SUR-REPLY TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR TO EXCLUDE DEFENDANT DELL'S LICENSE DEFENSES

### FILED UNDER SEAL

**A6489**

Case: 13-1625 Document: 179-2 Page: 253 Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6490**

**A6490**

A6491

2

**A6491**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CONFIRMATION OF COURT'S CLAIM CONSTRUCTION

**FILED UNDER SEAL**

**A6516**



6

McKool 874151v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

|  |  |  |
|---|---|---|
| ERICSSON INC. ET AL., | § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | CASE NO. 6:10-CV-473 |
| D-LINK CORPORATION ET AL., | § § § | |
| Defendants. | § § § | |

## ORDER REGARDING TRIAL TIMES

Jury selection will begin on June 3, 2013, at 9 AM, with trial to begin immediately thereafter. Each side will be bound by the following time limits:

Infringement/Validity/Damages

- Voir dire – 40 minutes per side

- Opening statement – 40 minutes per side

- Direct and cross examination – 15 hours per side

- Closing argument – 1 hour per side

Willfulness

- Opening statement – 10 minutes per side

- Direct and cross examination – 1 hour side

- Closing argument – 10 minutes per side

1

**A6533**

These times are inclusive of **all issues**, jury and non-jury. It is the parties' responsibility to budget their time accordingly.

Additionally, it has become routine for third parties to request exhibits from recent trials. In response to these requests, the Court provides parties an opportunity to seal highly confidential exhibits, before disclosing these exhibits to the public. However, this procedure is extremely cumbersome. Therefore, the Court informs the parties that if they wish to seal any exhibits presented at trial, they must file the appropriate motion **within 3 days** after the trial ends.

**So ORDERED and SIGNED this 30th day of May, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

2

**A6534**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **D-Links.** | |

### AMENDED JOINT SUBMISSION OF PROPOSED JURY MATERIALS

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson, (collectively "Ericsson" or "Plaintiff") and all Defendants, D-Link Systems, Inc. ("D-Link"), NETGEAR, Inc. ("Netgear"), Acer, Inc., Acer America Corporation, Gateway, Inc. (together "Acer"), Dell Inc. ("Dell"), Toshiba America Information Systems, Inc., Toshiba Corporation ("Toshiba"), and Belkin International, Inc. ("Belkin"), and Intervenor Intel Corporation ("Intel") (collectively "Defendants") hereby submit the following proposed jury materials:

Attached as Exhibit A hereto are the parties' Joint Proposed Jury Instructions, containing:

Ex. 1:  Proposed Preliminary Instructions

Ex. 2: Proposed Deposition Instruction (to be read prior to the introduction of the first testimony by deposition)

Ex. 3: Proposed Limiting Instructions (to be read when evidence subject to limiting instruction is introduced).

Ex. 4: Proposed Final Instructions

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6:10-cv-473 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| D-LINK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED JOINT PROPOSED JURY INSTRUCTIONS**

The parties hereby submit their amended joint proposed jury instructions in view of bifurcation and reduced claims and issues to be decided by the jury. To the extent the parties have disagreements on the form of the jury instructions, those disagreements are set forth in separately-bracketed and highlighted text colored to correspond to the respective parties' positions.

These amended joint proposed jury instructions contain the following:

Ex. 1: Proposed Preliminary Instructions

Ex. 2: Proposed Deposition Instruction (to be read prior to the introduction of the first testimony by deposition)

Ex. 3: Proposed Limiting Instructions (to be read when evidence subject to limiting instruction is introduced).

Ex. 4: Proposed Final Instructions

Ex. 5: Proposed Willfulness Instructions (to be presented during willfulness phase)

**A6544**

unpatented elements or unpatented manufacturing processes, or features or improvements developed by the licensee.

14.     Expert opinions as to what would be a reasonable royalty.

15.     The amount that a licensor and a licensee would have agreed upon if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which an accused infringer would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable to a patent owner if it would have been willing to create a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  The framework which you should use in determining a reasonable royalty is a hypothetical negotiation between normally prudent business people.]

[Defendants propose:

## (REASONABLE ROYALTY — DEFINITION)[77]

A royalty is the amount of money a licensee pays to a patent owner for the right to make, use or sell the patented invention.  A reasonable royalty is the payment that would have resulted from a negotiation between Ericsson and the Defendants taking place at the time just before the infringing sales first began.  In considering the nature of this

---

[77] National Jury Instruction Project, Model Patent Jury Instructions (2009), Final Instruction No. 6.6 [modified to follow language of *Virnetx Inc. v. Cisco Systems, Inc.*, Civil Action No. 6:10-cv-417-LED, Final Jury Instructions Nos. 8.1 and 8.2 (Dkt. 780), and to adjust *Georgia-Pacific* factors in light of April 25, 2013 Order in *Microsoft Corp. v. Motorola, Inc.*, Case No. C10-1823JLR (Dkt. 681) dealing with effect of RAND commitments and other verbiage changes]

95

**A6638**

negotiation, the focus is on what the expectations of Ericsson and the Defendants would have been had they entered into an agreement at that time and acted reasonably in their negotiations. However, you must assume that the parties believed the patents were valid and infringed. In addition, you must assume that Ericsson and the Defendants were willing to enter into an agreement; your role is to determine what that agreement would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what any particular party would have preferred.

In making your determination of the amount of a reasonable royalty, it is important that you focus on the time period when the infringer first infringed the patent and the facts that existed at that time. Your determination does not depend on the actual willingness of the parties to this lawsuit to engage in such negotiations. Your focus should be on what the parties' expectations would have been had they entered negotiations for royalties at the time of the infringing activity.

In deciding what is a reasonable royalty that would have resulted from the hypothetical negotiation, you may consider the factors that the patent owner and the alleged infringer would consider in setting the amount the alleged infringer should pay. In particular, because Ericsson has agreed that it is under an obligation to license the patents-in-suit on RAND terms, you must take into account this RAND commitment in determining a reasonable royalty. For example, in order to prevent patent hold-ups, which RAND commitments are designed to prevent, the parties would examine a reasonable royalty rate under the RAND commitment based on the contribution of the patented technology to the capabilities in the standard, and in turn, the contributions of those capabilities in the standard to the Defendants and the Defendants' products.

96

**A6639**

Similarly, parties attempting to reach an agreement consistent with RAND obligations would consider the overall licensing landscape in existence vis-à-vis the standard and the Defendants' products.

I will now list for you a number of factors you may consider. This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1.    Any commitment or assurances by the patent holder to a standards organization, such as the IEEE, to license users and implementers of the technology claimed in the patents-in-suit on fair, reasonable, and non-discriminatory terms.

2.    The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

3.    The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

4.    The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

5.    The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

6.    The duration of the patent and the term of the license.

7.    The established profitability of the product made under the patents, its commercial success, and its current popularity  In considering this factor, you should

97

**A6640**

Case: 13-1625   Case: 43-1635   Document: 179-2   Page: 264   Filed: 03/31/2014   p. 264 (264 of 545)
Case 13-1625-cv-00 CASE LEARK TGP ANOCBRDENL4753-cument: 18703-215 Page 264 of 18703 Filed: 03/31/2014
15313

again not take into account the value created to Ericsson by the existence of the standard itself as distinct from the value of Ericsson's technology claimed in the patents-in-suit.

8.   The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.  Again, as with many other these factors, you should consider the contribution of the patent to the technical capabilities of the standard in comparison to the technical capabilities the standard would have had if the a non-infringing substitute at the time the standard was adopted was incorporated into the standard instead of the technology covered by the patent.

9.   The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.  In considering this factor, you should also not take into account the value created to Ericsson by the existence of the standard itself, but should instead consider the contribution of the patent to the technical capabilities of the standard in comparison to the technical capabilities the standard would have had if a non-infringing substitute at the time the standard was adopted was incorporated into the standard instead of the technology covered by the patent.

10.   The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.  In considering this factor it is important to separate the patented technology from the value associated with incorporation of the patented technology into the standard.

11.   The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

**A6641**

12.     The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

13.     The opinion and testimony of qualified experts.

14.     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.  Both Ericsson and the Defendants would consider the RAND commitment and its purposes, such as preventing patent hold-ups and ensuring that the aggregate royalties associated with a given standard are reasonable, in an effort to reach a license agreement under this factor.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  The framework which you should use in determining a reasonable royalty is a hypothetical negotiation between normally                  prudent                  business                  people.]

99

**A6642**

# FINAL INSTRUCTION NO. 31

[Defendants propose:

## (DAMAGES -- ENTIRE MARKET VALUE)[78]

Under the "entire market value" rule, a patent owner may recover a reasonable royalty based on the value of an entire apparatus or product containing several features, even though only one feature is patented. However, the "entire market value" rule only applies where the patent owner establishes that the patented feature creates the basis for customer demand or substantially creates the value of the component parts. ][79]

---

[78] *Lucent Technologies, Inv. V. Gateway, Inc.*, 580 F.3d 1301, 1338 (quoting *Rite-Hite Corp. v. Kelley Co.*, 6 F.3d 1538, 1554, n. 13 (Fed. Cir. 1995) (en banc) (quoting *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989); see also *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1361 (Fed. Cir. 2001); *TWM Mfg.Co. v. Dura Corp.*, 789 F.2d 895, 901 (Fed. Cir. 1986) ("The entire market value rule allows for the recovery of damages based on the value of an entire apparatus containing several features, when the feature patented constitutes the basis for customer demand.").

[79] Ericsson objects to the inclusion of this instruction because the Court has already held that the entire market value rule is not implicated in this case. (*See* Order at Dkt. No. 443).

100

A6643

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ERICSSON INC., et al.,<br><br>        **Plaintiffs,**<br><br>        **vs.**<br><br>D-LINK CORPORATION, et al.,<br><br>        **D-Links.** | **Civil Action No. 6:10-cv-473**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' BENCH MEMORANDUM IN OPPOSITION TO ERICSSON'S
<u>PROPOSED FINAL JURY INSTRUCTION NO. 33</u>**

In accordance with the Court's instructions on the record during today's charge conference, Defendants respectfully submit this document concerning the following instruction proposed by Ericsson for inclusion in the final jury instructions:[1]

> An infringer's net profit margin is not the ceiling by which a reasonable royalty is capped. The infringer's selling price can be raised if necessary to accommodate a higher royalty rate. Requiring the infringer to do so may be the only way to adequately compensate the patentee for the use of its patented technology.

Defendants object to this instruction and respectfully submit that the Court should reject it for at least the following reasons.

Defendants object to inclusion of this proposed instruction for several reasons. *First*, this instruction is unnecessary. The Court's reasonable royalty instruction,[2] already explains how an alleged infringers' profits should be considered in determining a reasonable royalty. Including

---

[1] The Court initially rejected this instruction but, during the charge conference, agreed to take this instruction under advisement and allow Defendants to submit an alternative proposed instruction and briefing on the issue.

[2] As stated on the record during the charge conference, Defendants object to the reasonable royalty instruction proposed by the Court because Defendants believe it is inconsistent with Ericssons's RAND obligations. Defendants maintain those instructions.

1

**A6671**

this instruction will therefore be confusing to the jury and prejudicial to Defendants as it will emphasize one of the *Georgia-Pacific* factors over all of the other factors that are to be considered by the jury.

*Second*, Ericsson's proposed instruction omits the requirement that a reasonable royalty should leave an infringer with a reasonable profit. Ericsson's proposed instruction is an incomplete, misleading, and prejudicial statement of the law for it is well-established that a reasonable royalty is defined as: "[t]he amount that 'a person, desiring to manufacture[, use, or] sell a patented article, as a business proposition, would be willing to pay as a royalty ***and yet be able to make[, use, or] sell the patented article, in the market, at a reasonable profit***.'" *Applied Med. Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1568 (Fed. Cir. 1984) (emphasis added). Accordingly, implicit in a reasonable royalty is the principle that "a reasonable royalty would leave an infringer with reasonable profit." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1081 (Fed. Cir. 1983); *see also Micro Chem., Inc. v. Lextron, Inc.*, 161 F.Supp.2d 1187, 1209 (D. Colo. 2001) ("[A] reasonable royalty is one that leaves the infringer with some profit. ***After all, no reasonable person would enter into a license in which they had agreed to pay more than their expected profit.***") (emphasis added) By focusing on the issue of a cap, and omitting the need for an accused infringer to make a reasonable profit, Ericsson's Proposed Final Instruction No. 33 is clearly prejudicial. Further, by failing to inform the jury of an essential element of a reasonable royalty it is incorrect and incomplete as a matter of law and should be denied.

*Third*, Ericsson's proposed instruction omits the essential requirement that hypothetical negotiation must be based on the expectations of the parties at the time of first infringement. Yet

2

K&E 26795269.1

**A6672**

the law is clear a reasonable royalty is derived by "envision[ing] the terms of a licensing agreement reached as the result of a supposed [bargain] between the patentee and the infringer *at the time infringement began*." *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) (emphasis added). Critical to assessing a reasonable royalty, therefore, "is the necessity for return to the date when the infringement began." *Panduit Corp. v. Stahlin  Fibre Works, Inc.*, 575 F.2d 1152, 1158 (6th Cir. 1978).  This is because, as the Federal Circuit has explained, "the value of a hypothetical license negotiated in [one year] could be drastically different from one undertaken in [a later year]" due to changes in the state of the technology, the parties' needs, expectations, market conditions, or other factors. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *rev'd on other grounds by Merck KGaA v.Integra Lifesciences I, Ltd.*, 545 U.S. 193 (2005).  Ericsson's instruction is thus incomplete, misleading, and prejudicial as it fails to inform the jury that any assessment of the infringer's profits must be based on their expectations at the time of the hypothetical negotiation.  *See*, *e.g.*, *Lucent Techs., Inc. v.* Gateway, Inc., 580 F. 3d  1301, 1324 (Fed. Cir. 2009) (approving use of analytical method based on "calculating damages based on the infringer's own internal profit projections for the infringing item at the time the infringement began, and then apportioning the projected profits between the patent owner and the infringer"); *cf. Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1384-85 (Fed. Cir. 2001) (affirming reasonable royalty award that exceeded infringers actual net profits based on expectations in patentee's business plan, which was prepared two months before infringement began).

*Fourth*, there is no evidentiary basis for Ericsson's Proposed Final Instruction No. 33 as Ericsson has failed to put in any evidence regarding (i) Defendants' profit margins; and (ii) Defendants' ability to raise their prices and still sell their products at a reasonable profit.  Such

3

K&E 26795269.1

**A6673**

evidence, however, is critical as any reasonable royalty should take into account "the impact that increased prices would have had on demand . . . [as 'a]ll markets must respect the law of demand. According to the law of demand, consumers will almost always purchase fewer units of a product at a higher price than at a lower price, possibly substituting other products.'" *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F.Supp.2d 1143, 1156-117 (N.D. Cal. 2007) (quoting *Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc.,* 246 F.3d 1336, 1359 (Fed. Cir. 2001). Having failed to put any evidence on these central issues to its Proposed Final Instruction No. 33, Ericsson is not entitled to this jury instruction. *In re Newchurch*, 807 F.2d 404, 411 (5th Cir. 1986) ("[D]efendants are not entitled to a jury instruction on the issue . . . if there is no evidence to support it[.]").

*Fifth*, Ericsson's proposed instruction is inconsistent with Ericsson's admitted RAND obligations. Ericsson's instruction suggests that the jury may find that a reasonable royalty may be funded out of the hold up value of 802.11n based on the fact that consumers and others are locked in to the standard. RAND obligations are meant to ensure this does not occur. *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 2111217, *12 ¶ 71 (W.D. Wash. Apr. 25, 2013) ("In the context of a dispute concerning whether or not a given royalty is RAND, a proper methodology used to determine a RAND royalty should therefore recognize and seek to mitigate the risk of patent hold-up that RAND commitments are intended to avoid.")

In the event an instruction is provided over these objections, and without waiver of those objections, Defendants provide the alternate proposed instruction attached hereto as Exhibit A.

4

**A6674**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

## ERICSSON'S POST-TRIAL MOTION FOR A COMPULSORY FUTURE ROYALTY AND PRE-JUDGMENT AND POST-JUDGMENT INTEREST

## FILED UNDER SEAL

**A6686**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



CASE PARTICIPANTS ONLY    Document: 177-2    Page: 273    Filed: 03/31/2014

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | **FILED UNDER SEAL** |
| **Defendants** | |

**DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE 50(b)
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW IN FAVOR OF
DEFENDANTS (NON-INFRINGEMENT AND INVALIDITY) AND
<u>MOTION FOR A NEW TRIAL</u>**

**A6719**

CASE PARTICIPANTS ONLY    Document: 177-2    Page: 274    Filed: 03/31/2014

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICTS OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ERICSSON, INC. and<br>TELEFONAKTIEBOLAGET LM ERICSSON<br><br>      Plaintiffs,<br><br><br>v.<br><br><br>D-LINK SYSTEMS, INC.,<br>NETGEAR, INC., ACER, INC.,<br>ACER AMERICA CORPORATION,<br>GATEWAY, INC., DELL, INC.,<br>TOSHIBA CORPORATION,<br>TOSHIBA AMERICA, INC.,<br>TOSHIBA AMERICA INFORMATION<br>SYSTEMS, INC., TOSHIBA AMERICA<br>CONSUMER PRODUCTS, LLC and<br>BELKIN INTERNATIONAL, INC.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 6:10-CV-473<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXPERT REPORT OF JOHN R. BONE, CPA, CFF**

January 4, 2013

**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

**A6796**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6801

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6802**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6803

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6804

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6805**

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 127-2 Page: 281 Page: 281 Filed: 03/31/2014 Filed: 03/31/2014 (281 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6806**



A6807



A6808

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6809

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6810

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6811**



**A6812**



A6813



A6814



A6815

**CONFIDENTIAL MATERIAL FILED UNDER SEAL-REDACTED**



**A6816**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6817**



**A6818**

Case: 13-1625 Case: 13-1625 Document: 179-2 Page: 294 Filed: 03/31/2014 Document: 122-2 Page: 294 Filed: 03/31/2014 (294 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6819**



A6820

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6821

Case: 13-1625    Case: 13-1625    Document: 179-2    Document: 122-2    Page: 297    Page: 297    Filed: 03/31/2014    Filed: 03/31/2014    (297 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6823**



**A6824**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6825



**A6825**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6826**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



A6827

**A6828**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6829

Case: 13-1625   Case: 13-1625   Document: 179-2   Document: 122-2   Page: 305   Page: 305   Filed: 03/31/2014   Filed: 03/31/2014   (305 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6830**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6831**



A6832

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 122-2 Page: 308 Page: 308 Filed: 03/31/2014 Filed: 03/31/2014 (308 of 545)

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6833**

Case: 13-1625    NON-PARTICIPANTS ONLY    Document: 122-2    Page: 380    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6834**

**A6835**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6836**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6837**

A6838





A6839

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A6840**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6841

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6842



**A6843**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6844**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6845**

**A6845**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A6846**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6847

Case: 13-1625    Document: 179-2    Page: 323    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A6848

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6849

Case: 13-1625    Document: 179-2    Page: 325    Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6850**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



A6851

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A6852

Case: 13-1625   CONFIDENTIAL PARTIES ONLY   Document: 122-2   Page: 328   Filed: 03/31/2014

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6853**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A6854**

CASE PARTICIPANTS ONLY   Document: 177-2   Page: 330   Filed: 03/31/2014

# EXHIBIT J

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



A7026

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERICSSON INC., et al.,

      **Plaintiffs,**

      vs.

D-LINK CORPORATION, et al.,

      **Defendants.**

      **Civil Action No. 6:10-cv-473**

      **JURY TRIAL DEMANDED**

      **FILED UNDER SEAL**


**DEFENDANTS' RESPONSE TO ERICSSON'S POST-TRIAL MOTION FOR A COMPULSORY FUTURE ROYALTY AND PRE-JUDGMENT AND POST-JUDGMENT <u>INTEREST</u>**


**A7889**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



2

**A7891**

CASE PARTICIPANTS ONLY Document: 177-2 Page: 334 Filed: 03/31/2014

# EXHIBIT B

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

ERICSSON INC., et al.,

    **Plaintiffs,**

    **vs.**

D-LINK CORPORATION, et al.,

    **Defendants.**

**Civil Action No. 6:10-cv-473**

**FILED UNDER SEAL**

Ericsson, Inc. v. D-Link, et. al

**PX0554**

6:10-cv-473

**A7907**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



2

**A7908**



DATED: June 2, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

3

K&E 26564886.2

**A7909**

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

*/s/ Michael E. Jones (with permission)*
Michael E. Jones (State Bar No.:
10929400)
John F. Bufe (State Bar No.: 03316930)
**POTTER MINTON, PC**
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903)597-8311
Facsimile: (903) 593-0846
E-mail: mikejones@potterminton.com
E-mail: johnbufe@potterminton.com
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Andrew T. Gorham
State Bar No. 24012715
**PARKER, BUNT & AINSWORTH,
P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com
E-mail: tgorham@pbatyler.com
Adam Alper
Sarah Piepmeier
**KIRKLAND & ELLIS LLP**

4

K&E 26564886.2

**A7910**

Case: 13-1625 Case: 13-1625 Document: 179-2 Page: 339 Filed: 03/30/2014 Document: 177-2 Page: 339 Filed: 03/31/2014 (339 of 545)

CASE PARTICIPANTS ONLY

555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1876
Facsimile: (415) 439-1500
E-mail:adam.alper@kirkland.com
E-mail:sarah.piepmeier@kirkland.com
Luke Dauchot
Michael W. De Vries
Tim Majors
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
E-mail: luke.dauchot@kirkland.com
E-mail: michael.devries@kirkland.com
E-mail: tim.majors@kirkland.com
Gregory S. Arovas
**KIRKLAND & ELLIS LLP**
601 Lexington Ave
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: greg.arovas@kirkland.com
*Attorneys for Intervenor*
**INTEL CORPORATION**
*/s/ Christine M. Morgan*
*(with permission)*
Scott D. Baker, *Pro Hac Vice*
(Cal. SBN 84923)
John P. Bovich, *Pro Hac Vice*
(Cal. SBN 150688)
James A. Daire, *Pro Hac Vice*
( Cal. SBN 239637)
Christine M. Morgan, *Pro Hac Vice*
(Cal. SBN 169350)
Jonah D. Mitchell, *Pro Hac Vice*
(Cal. SBN 203511)
Seth B. Herring
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
E-mail: sbaker@reedsmith.com
E-mail: jbovich@reedsmith.com

5

K&E 26564886.2

**A7911**

Case: 13-1625   Case: 13-1625   Document: 179-2   Page: 340   Filed: 03/31/2014   Document: 177-2   Page: 340   Filed: 03/31/2014   (340 of 545)

CASE PARTICIPANTS ONLY

E-mail: jdaire@reedsmith.com
E-mail: jmitchell@reedsmith.com
E-mail: sherring@reedsmith.com
Trey Yarbrough (Bar No. 22133500)
Debra E. Gunter (Bar No. 24012752)
**YARBROUGH & WILCOX, PLLC**
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
E-mail: trey@yw-lawfirm.com
E-mail: debby@yw-lawfirm.com
*Counsel for Defendants,*
**D-LINK SYSTEMS, INC.,
NETGEAR, INC., ACER, INC.,
ACER AMERICA CORPORATION,
and
GATEWAY, INC.**
S.J. Christine Yang (admitted *pro hac vice*)
Duncan Palmatier (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
**THE LAW OFFICES OF S.J.
CHRISTINE
YANG**
17220 Newhope Street, Suite 101
Fountain Valley, California 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
E-Mail: cyang@sjclawpc.com
E-Mail: dpalm@dpalmlaw.com
E-Mail: vhao@sjclawpc.com
*Counsel for Defendant*
**D-LINK SYSTEMS, INC.**
*/s/ Dwayne C. Norton (with permission)*
Michael J. Newton
(Texas Bar No. 24003844)
Jason W. Cook
(Texas Bar No. 24028537)
Dwayne C. Norton
(Texas Bar No. 24076139)
Shaun W. Hassett
(Texas Bar No. 24074372)
Brady Cox
(Texas Bar No. 24074084)
**ALSTON & BIRD LLP**
2828 North Harwood St, Suite 1800
Dallas, Texas 75201
Telephone: (214) 922-3400

6

K&E 26564886.2

**A7912**

Case: 13-1625 Case: 13-1625 Document: 179-2 Page: 341 Filed: 03/21/2014 Document: 177-2 Page: 341 Filed: 03/31/2014 (341 of 545)

CASE PARTICIPANTS ONLY

Facsimile: (214) 922-3899
E-mail: mike.newton@alston.com
E-mail: jason.cook@alston.com
E-mail: dwayne.norton@alston.com
E-mail: shaun.hassett@alston.com
E-mail: brady.cox@alston.com
Marsha E. Mullin
(California Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail: marsha.mullin@alston.com
Frank G. Smith (Georgia Bar No. 657550)
Kamran Jivani (Georgia Bar No. 510908)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-mail: frank.smith@alston.com
E-mail: kamran.jivani@alston.com
Deron R. Dacus (Texas Bar No. 00790553)
Peter Aaron Kerr
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
E-mail: ddacus@dacusfirm.com
E-mail: pkerr@dacusfirm.com
*Counsel for Defendant*
**DELL INC.**
*/s/ John Feldhaus (with permission)*
John Feldhaus
Pavan Agarwal
Andrew R. Cheslock
**FOLEY & LARDNER LLP**
3000 K. Street, NW, Suite 500
Washington, DC 20007
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: jfeldhaus@foley.com
Email: pagarwal@foley.com
Email: acheslock@foley.com
Kevin J. Malaney
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue

7

K&E 26564886.2

**A7913**

Milwaukee, WI 53202
Tel: 414-319-7067
Fax: 414-297-4900
kmalaney@foley.com
Guy N. Harrison
Attorney at Law
217 N. Center
Longview, TX 75606
Telephone: (903) 758-7361
Facsimile: (903) 753-9557
Email: guy@gnhlaw.com
*Counsel for* **TOSHIBA CORPORATION
and
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.**

*/s/ Vision Winter (with permission)*
Ryan K. Yagura (Bar No. 24075933)
Vision Winter (*Pro Hac Vice*)
Eric Chan
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: vwinter@omm.com
E-mail: ryagura@omm.com
E-mail: echan@omm.com
*Attorneys for*
**BELKIN INTERNATIONAL, INC.**

*/s/ Eugene M. Paige (with permission by
Michael E. Jones)*
Robert A. Van Nest
Eugene M. Paige
Matan Shacham
**KEKER & VAN NEST LLP**
633 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
E-mail: rvannest@kvn.com
E-mail: emp@kvn.com
E-mail: mshacham@kvn.com
*Attorneys for* **ACER, INC.,
D-LINK CORPORATION and
GATEWAY, INC.**

8

K&E 26564886.2

**A7914**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on counsel of record via email on June 2, 2013.

> /s/ Justin Nemunaitis
> Justin Nemunaitis

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document and exhibits are authorized to be filed under seal pursuant to the Protective Order entered in this case.

> /s/ Justin Nemunaitis
> Justin Nemunaitis

9

K&E 26564886.2

**A7915**

Case: 13-1625   Case: 13-1625   Document: 179-2   Document: 177-2   Page: 344   Page: 344   Filed: 03/31/2014   Filed: 03/31/2014   (344 of 545)

CASE PARTICIPANTS ONLY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

**PLAINTIFF ERICSSON'S RESPONSE IN OPPOSITION TO DEFENDANTS'
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF NON-
INFRINGEMENT AND INVALIDITY AND MOTION FOR A NEW TRIAL**


**FILED UNDER SEAL**


McKool 905639v1

# A7917

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



A7933

12

**A7933**

CASE PARTICIPANTS ONLY Document: 177-2 Page: 346 Filed: 03/31/2014

# EXHIBIT L



Ericsson, Inc. v. D-Link, et. al

PX0103

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8165**



Ericsson, Inc. v. D-Link, et. al

**PX0104**

6:10-cv-473

A8166

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8166**



CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8167



A8168

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8168



Ericsson, Inc. *v.* D-Link, et. al

**PX0107**

6:10-cv-473

A8169

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8169**



Ericsson, Inc. v. D-Link, et. al

**PX0108**

6:10-cv-473

A8170

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8170**



Ericsson, Inc. v. D-Link, et. al

PX0109

6:10-cv-473

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8171



Ericsson, Inc. v. D-Link, et. al.

**PX0110**

6:10-cv-473

A8172

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8172**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8173**



Ericsson, Inc. v. D-Link, et.

**PX0112**

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8174**

Ericsson, Inc. v. D-Link, et. al

**PX0113**

6:10-cv-473

A8175

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8175**



Ericsson, Inc. v. D-Link, et. al

**PX0114**

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8176**



CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8177



A8178

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8179



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8180**

Ericsson, Inc. v. D-Link, et. al

**PX0121**

6:10-cv-473

**A8180**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8181

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8182



Ericsson, Inc. v. D-Link, et. al

**PX0130**

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8183

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8184

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8184

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8185

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8186

A8186

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8187

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8188

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8189

A8189

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8190**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8191

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8191

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8192

A8192

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8193

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8194

A8194

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8195**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8196

A8196

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8197

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8197

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8198

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8198**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8199

A8199

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8200

A8200

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8201

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8202

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8203**

**A8203**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8204

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8204

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8205

A8205

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8206

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8207

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8208

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8209**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8209**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8210

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8212**

A8212

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8213

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8214

A8214

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8215

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8215

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8216

A8216

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8217

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8218

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8219

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8220

The page is mostly a black redacted page. There's a header at top, a "CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED" text, "A8221" at bottom, and page navigation.

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8221**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8222

A8222

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8223**

**A8223**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8224

A8224

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8225

A8225

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8226

A8226

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8227**

**A8227**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8228

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8229

A8229

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8230**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8231

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8231

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8232

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8233

**A8233**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8234

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8235

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8236

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8237

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8237**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8238

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8239

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8240

A8240

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8241

A8241

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8242

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8242

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8243

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8243**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8244

A8244

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8245

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8246

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8247

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8248

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8249

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8249

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8250

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8250

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8251

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8252

A8252

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8253**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8253**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8254

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8254

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8255

A8255

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8256

A8256

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8257

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8258**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8258**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8259

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8260

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8261

A8261

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8262**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8262**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8263

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8263

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8264

A8264

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8265

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8266

A8266

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8267

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8268

A8268

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8269

A8269

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8270**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8271

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8272

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8273

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8274**

**A8274**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8275

A8275

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8276

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8276

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8278

A8278

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8279

A8279

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8280

A8280

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8281**

**A8281**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8282**

A8282

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8283

**A8283**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8284

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8284**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8285

A8285

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8286

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8286

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8287**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8288

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8289

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8290**

**A8290**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8292

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8293

A8293



Ericsson, Inc. v. D-Link, et. al

**PX0136**

6:10-cv-473

A8294

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8294**



Ericsson, Inc. v. D-Link, et. al

PX0137

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8295**



Ericsson, Inc. v. D-Link, et. al.

PX0138

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8296**



A8297

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8297**



Ericsson, Inc. v. D-Link, et. al.

PX0140

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8298**



Ericsson, Inc. v. D-Link, et. al

**PX0141**

6:10-cv-473

A8299

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8299



Ericsson, Inc. v. D-Link, et. al.

**PX0142**

6:10-cv-473

A8300

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8300**



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8301**



Ericsson, Inc. v. D-Link, et. al

PX0157

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8302**



Ericsson, Inc. v. D-Link, et. al.

**PX0158**

6:10-cv-473

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8303



Ericsson, Inc. v. D-Link, et al
6:10-cv-473
PX0159

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8304**



Ericsson, Inc. v. D-Link, et al.
6:10-cv-473
PX0160

A8305

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8305**



CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8306

**A8307**



Case: 13-1625    Case: 13-1625    Document: 179-2    Document: 177-2    Page: 490    Page: 490    Filed: 03/31/2014    Filed: 03/31/2014    (490 of 545)

CASE PARTICIPANTS ONLY

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8308**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8309**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8309



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8310**

CASE PARTICIPANTS ONLY   Document: 177-2



**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8311**

Ericsson, Inc. v. D-Link, et. al

**PX0586**

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8312**

CASE PARTICIPANTS ONLY Document: 179-2

**A8313**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

**A8313**

CASE PARTICIPANTS ONLY

A8314

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8314

A8315

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8315

CASE PARTICIPANTS ONLY   Document: 177-2   Page: 498   Filed: 03/05/2014

A8316

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8316

CASE PARTICIPANTS ONLY    Document: 177-2    Page: 499    Filed: 03/31/2014

A8317

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

A8317

CASE PARTICIPANTS ONLY Document: 179-2

A8318

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

CASE PARTICIPANTS ONLY   Document: 177-2   Page: 501   Filed: 03/31/2014

A8319

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

# EXHIBIT M

A8320



Ericsson, Inc. v. D-Link, et. al

**PX0266**

6:10-cv-473

75563DOC000049

# EXHIBIT P

A8327

Ericsson, Inc. v. D-Link, et. al

PX0398

6:10-cv-473

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(506 of 545)

Case: 13-1625    Document: 179-2    Page: 506    Filed: 03/31/2014

**A8328**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

**A8329**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A8330**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A8331**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

(510 of 545)

Filed: 03/31/2014

Page: 510

Document: 179-2

Case: 13-1625

6

**A8332**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



Case: 13-1625    Document: 179-2    Page: 511    Filed: 03/31/2014    (511 of 545)

**A8333**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A8334**



# EXHIBIT Q

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**



**A8349**

CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY

# EXHIBIT R

A8350

A8351

Ericsson, Inc. v. D-Link, et. al

PX0538

6:10-cv-473

A8352

A8353

CASE PARTICIPANTS ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ERICSSON INC., et al.,

   Plaintiffs,

   vs.

D-LINK CORPORATION, et al.,

   Defendants.

Civil Action No. 6:10-cv-473

**JURY TRIAL DEMANDED**

**ADDITIONAL ATTACHMENTS TO ERICSSON'S RESPONSE TO DEFENDANTS'
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ERICSSON'S
DAMAGES CLAIMS**

**FILED UNDER SEAL**

**A8769**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**ERICSSON INC., et al.,**

**Plaintiffs,**

**vs.**

**D-LINK CORPORATION, et al.,**

**Defendants.**

**Civil Action No. 6:10-cv-473**

**FILED UNDER SEAL**



Ericsson, Inc. v. D-Link, et. al

**PX0541**

6:10-cv-473

**A8820**

DATED: June 2, 2013

Respectfully submitted,
**McKOOL SMITH, P.C.**

By: ___ /s/ Theodore Stevenson III
Theodore Stevenson III,
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Justin Nemunaitis
Texas State Bar No. 24065815
jnemunaitis@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and**

2

**A8821**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**D-LINK CORPORATION, et al.,**<br><br>**Defendants.** | **Civil Action No. 6:10-cv-473**<br><br>**JURY TRIAL DEMANDED** |



Ericsson, Inc. v. D-Link, et. al

**PX0553**

6:10-cv-473

**A8823**

DATED: June 2, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

By:     /s/ Theodore Stevenson III
        Theodore Stevenson III,
        Lead Attorney
        Texas State Bar No. 19196650
        tstevenson@mckoolsmith.com
        Douglas A. Cawley
        Texas State Bar No. 04035500
        dcawley@mckoolsmith.com
        Ashley N. Moore
        Texas State Bar No. 24074748
        amoore@mckoolsmith.com
        Justin Nemunaitis
        Texas State Bar No. 24065815
        jnemunaitis@mckoolsmith.com

        300 Crescent Court, Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        Sam Baxter
        Texas State Bar No. 01938000
        sbaxter@mckoolsmith.com
        104 E. Houston Street, Suite 300
        P.O. Box 0
        Marshall, Texas 75670
        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

*/s/ Michael J. Newton [by Justin Nemunaitis]*
Michael J. Newton
(Texas Bar No. 24003844)
Jason W. Cook
(Texas Bar No. 24028537)
Dwayne C. Norton

2

**A8824**

**CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

**ERICSSON INC., et al.,**

**Plaintiffs,**

**vs.**

**D-LINK CORPORATION, et al.,**

**Defendants.**

**Civil Action No. 6:10-cv-473**

**FILED UNDER SEAL**





Ericsson, Inc. v. D-Link, et. al

**PX0559**

6:10-cv-473

K&E 26564886.2

**A8832**

Dated: June 4, 2013.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS**
**ERICSSON INC. and**
**TELEFONAKTIEBOLAGET LM ERICSSON**

2

**A8833**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ERICSSON INC., et al.,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**D-LINK CORPORATION, et al.,**<br><br>**Defendants.** | **Civil Action No. 6:10-cv-473**<br><br>**FILED UNDER SEAL** |



Dated: June 4, 2013.                    Respectfully submitted,



Ericsson, Inc. v. D-Link, et. al

## PX0560

6:10-cv-473

K&E 26564886.2

## A8836

**MCKOOL SMITH P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM ERICSSON**

2

K&E 26564886.2

**A8837**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**ERICSSON INC., et al.,**

**Plaintiffs,**

**vs.**

**D-LINK CORPORATION, et al.,**

**Defendants.**

**Civil Action No. 6:10-cv-473**

**FILED UNDER SEAL**



K&E 26564886.2

**A8840**

Dated: June 4, 2013.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: /s/ Theodore Stevenson III
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM ERICSSON**

2

CONFIDENTIAL – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473-LED** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **Defendants.** | |

**PLAINTIFF ERICSSON INC. AND DEFENDANT DELL INC.'S
JOINT MOTION TO APPROVE SUPERSEDEAS BOND AND
ENTER ORDER STAYING EXECUTION OF JUDGMENT**

**FILED UNDER SEAL**

1

**A8846**

Case: 13-1625 Case: 13-1625 Document: 179-2 Document: 177-2 Page: 532 Page: 532 Filed: 03/31/2014 Filed: 03/31/2014 (532 of 545)

CASE PARTICIPANTS ONLY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ERICSSON INC., et al.,

       Plaintiffs,

       vs.

D-LINK CORPORATION, et al.,

       Defendants.

**Civil Action No. 6:10-cv-473-LED**

**JURY TRIAL DEMANDED**

## DELL INC.'S REBUTTAL TO PLAINTIFF ERICSSON INC.'S ARGUMENTS REGARDING JOINT MOTION TO APPROVE SUPERSEDEAS BOND AND ENTER ORDER STAYING EXECUTION OF JUDGMENT

## FILED UNDER SEAL

**A8879**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED

A8880

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



2

**A8881**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |  |
|---|---|---|
| **ERICSSON INC., et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:10-CV-473** |
| | § | |
| **D-LINK CORPORATION, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER APPROVING SUPERSEDEAS BOND AND STAYING EXECUTION OF JUDGMENT

Before the Court is Ericsson Inc. and Dell Inc.'s ("Dell") Joint Motion to Approve Supersedeas Bond and Stay Execution of Judgment (Docket No. 651). The motion is **GRANTED**. Accordingly, it is **ORDERED** that Dell's supersedeas bond is approved.

It is further **ORDERED** that any enforcement of the Court's final judgment entered August 8, 2013 (Docket No. 616), including the bill of costs, is **STAYED** as to Dell through final resolution of the appeal process in the U.S. Court of Appeals for the Federal Circuit.

It is further **ORDERED** that Dell is to provide sales reports and security for sales of all Dell devices having a wireless chipset that complies with the 802.11n standard or with later 802.11 standards that are not colorably different with regard to the accused functionality. [1]

---

[1] In their motion, the parties asked the Court to clarify which products are subject to the ongoing royalty. On August 6, 2013, the Court entered judgment for Ericsson, Inc. and granted its motion for an ongoing royalty, which applied the royalty to all devices that are in compliance with 802.11n, or future 802.11 standards that are not colorably different. Docket No. 615 at 41. The instant order remains consistent with that judgment regarding the scope of products subject to the ongoing royalty rate. To the extent that Dell wishes to challenge this scope, it should file the appropriate motion.

**A8886**

Case 3:16-cv-00XSE-DARRHGIPARdusmonltoDocuellcat/0471.2   Hagg 2-580 / elgieD: 03/534/2014

So ORDERED and SIGNED this 4th day of November, 2013.

_____

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**A8887**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

**ERICSSON INC., et al.,**

      **Plaintiffs,**

      **vs.**

**D-LINK CORPORATION, et al.,**

      **Defendants.**

**Civil Action No. 6:10-cv-473**

**JURY TRIAL DEMANDED**

**ERICSSON'S OPENING CLAIM CONSTRUCTION BRIEF**

**A8888**

## IV.    DISPUTED CLAIM CONSTRUCTIONS

### A.    U.S. Patent No. 6,772,215

When data is transferred between different nodes of a wireless network, portions of the data, *e.g.*, packets of data, may become corrupted or may not be received by the intended recipient. This may occur for a variety of reasons such as interference with other signals, because one of the nodes temporarily moved out of range, or because an obstruction blocked transmission of some packets. In order to alleviate this problem, network components can transmit error control feedback responses to request re-transmission of the lost data portions.

The '215 patent describes multiple methods of encoding feedback responses to accurately describe which portions have been lost. For example, a receiver could transmit a list indicating that it did not receive packets 2-6 and 12-14. Alternatively, the receiver could transmit a complete map of the sent packets using a 1 to indicate received packets and a 0 to indicate missing packets, i.e. a "bitmap." The most appropriate method for encoding a feedback response may vary in practice (*e.g.*, based on the number and order of lost data packets). The method patented in the '215 patent allows for efficient switching between multiple encoding methods in a manner that can be understood by both senders and receivers in a network.

1. *"responsive to the receiving step, constructing a message field . . . including a type identifier field"*

| Claims | Ericsson's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| 1, 15, 25 | responsive to the receiving step, generating a message field including a field that identifies the message type of the feedback response message from a number of different message types | responsive to the receiving step, generating a message field including a field identifying the type of feedback response that is <u>selected</u> <u>from multiple available feedback responses</u> <u>in</u> <u>order to minimize the size or number of</u> <u>feedback responses</u> |

The parties' proposed constructions are nearly identical. The Defendants' proposed construction, however, includes superfluous language and should be rejected. The first

superfluous language in the Defendants' proposed construction is that it requires the type of feedback response to be actively "selected from multiple available feedback responses." This would import an entirely additional method step—namely, the step of selecting—into the claim. Plainly, this would violate the canons of claims construction.

The next superfluous language in the Defendants' proposed construction is the addition of a requirement that the (unclaimed) "selecting" further accomplish the goal of "minimiz[ing] the size or number of feedback responses." While minimizing the size or number of feedback responses may be the benefit of the invention, "not every benefit flowing from an invention is a claim limitation." *See i4i, Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 843 (Fed. Cir. 2010). Here, the claims do not recite that the form of the feedback responses be selected to minimize the size or number of feedback responses. As such, the Defendants' proposed construction, which contains superfluous language and adds unclaimed limitations, should be rejected.

2. *"means for sending a plurality of first data units over said communication link to said second peer entity"*

| Claims | Ericsson's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| 45 | **Recited Function:** sending a plurality of first data units over said communication link to said second peer entity.<br><br>**Corresponding Structure:** the sender of a peer entity or equivalents thereof. | **Recited function:** the transmission of first data units by a first peer unit to a second peer unit<br><br>**Corresponding Structure:** *Invalid* |

"In construing a means-plus-function claim, the district court must first determine the claimed function and then identify the corresponding structure in the written description of the patent that performs that function." *See Baran v. Med. Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010) (citing *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1332 (Fed. Cir. 2006)). Ericsson's proposed recited function for this term is the function explicitly recited

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

**ERICSSON INC., et al.,**

    **Plaintiffs,**

    **vs.**

**D-LINK CORPORATION, et al.,**

    **Defendants.**

**Civil Action No. 6:10-cv-473**

**JURY TRIAL DEMANDED**

## ERICSSON'S REPLY CLAIM CONSTRUCTION BRIEF

**A9091**

### A. U.S. Patent No. 6,772,215

1. *"responsive to the receiving step, constructing a message field . . . including a type identifier field"*

The Defendants attempt to justify their attempts to inject extraneous limitations into the claims by arguing that the title of the patent, the abstract, the specification, etc. are all consistent with their proposed construction. *See* Responsive Brief at 12. This misses the point. The Defendants do not point to any lexicography, disclaimer, or disavowal that would require the claims be limited to include these limitations, and as such, their proposed construction should be rejected. *See Thorner*, 669 F.3d at 1366-1367 (Fed. Cir. 2012) ("We do not read limitations from the specification into claims; we do not redefine words. Only the patentee can do that. To constitute disclaimer, there must be a clear and unmistakable disclaimer."). Similarly, the Court should reject the Defendants' *ipse dixit* assertion that the limitation they seek to inject into the claims "is the allegedly inventive step," *see* Responsive Brief at 14; and "is the invention." The claims of the patent define the invention, and they do not include the Defendants' extraneous limitation.

2. *"means for receiving said plurality of first data units, and constructing . . ."*

The Defendants argue that their proposed function is the same "in substance" as the function cited for this term. Not so. The Defendants' proposed function contains limitations not found in this claim term and is therefore legally defective. *See Micro Chem., Inc. v. Great Plains Chemical Co., Inc.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999) ("The statute [35 U.S.C. § 112 ¶ 6] does not permit limitation of a means-plus-function claim by adopting a function different from that **explicitly recited** in the claim.") (emphasis added). As for structure, the Defendants' proposed construction ignores and omits structure disclosed in the specification that performs the recited function. (The Defendants, in turn, assert that this structure is missing and that the claims

**A9093**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| **ERICSSON INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 6:10-cv-473** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **D-LINK CORPORATION, et al.,** | |
| **D-Links.** | |

### PROPOSED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled on May 23, 2013 at 9:00 a.m. in Tyler, Texas, pursuant to the Court's Docket Control Order (Dkt. No. 102) and as amended by the Court's subsequent orders including Amended Docket Control Order (Dkt. No. 366), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure. The following parties submit this Joint Pretrial Order: Plaintiffs, Ericsson Inc. and Telefonaktiebolaget LM Ericsson, (collectively "Ericsson" or "Plaintiff") and all Defendants, D-Link Systems, Inc. ("D-Link"), NETGEAR, Inc. ("Netgear"), Acer, Inc., Acer America Corporation, Gateway, Inc. (together "Acer"), Dell Inc. ("Dell"), Toshiba America Information Systems, Inc., Toshiba Corporation ("Toshiba"), and Belkin International, Inc. ("Belkin"), and Intervenor Intel Corporation ("Intel") (collectively "Defendants").

### I.    COUNSEL FOR THE PARTIES

**Attorneys for Plaintiff Ericsson Inc. and Telefonaktiebolaget LM Ericsson:**

Theodore Stevenson III *(Lead Attorney)*
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

## A10001

1.      Ericsson reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness.

2.      Ericsson contends that any limitations on claim scope under the doctrine of equivalents requires determination by the Court, should not be submitted to the jury, and the jury should not be advised of the defense.

3.      Ericsson contends that all issues related to Ericsson's claims for post trial issues such as injunctive relief, exceptional case, enhanced damages, attorney's fees, post- and pre-trial interest, and post-trial damages as well as Defendants' defenses of laches, estoppel, implied license/exhaustion, acquiescence, and waiver require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the request for injunction or the defenses.

4.      Ericsson contends that the Court must determine whether or not Defendants have been objectively reckless in their infringement of the patents.

- **Defendants' Statement Regarding Issues to be Decided by the Court**

1.      Defendants contend that their claims for breach of contract, promissory estoppel, unclean hands, and laches based on, *inter alia*, Ericsson's unreasonable and highly discriminatory licensing practices in violation of Ericsson's obligations to license its patents on reasonable and non-discriminatory (RAND) terms, including by seeking to impose unreasonable and discriminatory royalty rates on Defendants, should be determined by the Court.  Defendants likewise contend that the maximum royalty rate that Ericsson can recover as damages in this case by virtue of its RAND obligations should be determined by the Court.  Such an approach was recently adopted by Judge James Robart in *Microsoft Corp. v. Motorola, Inc., et al.*, No. 2:10-cv-01823, Dkt. No. 680, ¶ 308 (Apr. 25, 2013) by agreement of the parties.

**A10030**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ERICSSON INC., et al., | ) | |
| | ) | |
| | ) | |
| | ) | Civil Action No. 6:10-cv-473 |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | **FILED UNDER SEAL** |
| D-LINK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR CONFIRMATION OF COURT'S CLAIM CONSTRUCTION**

**A10436**

CONFIDENTIAL MATERIAL FILED UNDER SEAL REDACTED



**A10439**